## Lyle D. Taylor, Appellant, v. Arthur L. Currey, Appellee.

### Gen. No. 18,832. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed April 28, 1915.

## Statement of the Case.

Action by Lyle D. Taylor in the Circuit Court of Cook county against Arthur L. Currey, in assumpsit on a claim for $1,500, paid for fifteen shares of the capital stock of the South Farm Company, a corporation. To reverse a judgment rendered without a jury, on the motion of the defendant to exclude the evidence of the plaintiff and render judgment in his favor, plaintiff appeals.

DONALD L. MORRILL and ROBERT W. MILLAR, for appellant.

ABEL L. ALLEN, for appellee.

PER CURIAM.

## Abstract of the Decision.

1. FRAUD, § 57*—*when consideration paid recoverable in assumpsit.* One purchasing stock on the strength of fraudulent representations may, on rescinding the contract promptly after the discovery of the fraud, recover the consideration paid in assumpsit for money had and received.

2. PRINCIPAL AND AGENT, § 174*—*when agent liable for fraud though acting as agent.* The fact that one procuring the sale of corporate stock by means of fraudulent representations acted

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as agent of the corporation is no defense in an action of assumpsit against him to recover the consideration paid.

3. ASSUMPSIT, ACTION OF, § 44*—*when action for money had and received lies.* The action for money had and received is an equitable action and lies for money had and received by the defendant which in equity and · good conscience he should not retain, but should pay to plaintiff, and the right of recovery depends upon showing that defendant actually received the money, and that in equity and good conscience he should pay it to plaintiff, in which case the law implies a promise, although there is no privity between the parties.

4. PRINCIPAL AND AGENT, § 174*—*when agent liable for fraud though receiving no benefit.* In an action for money had and received, by one who purchased corporate stock, on the strength of fraudulent representations by the defendant, the fact that the latter, acting as agent of the corporation, turned the consideration paid over to the corporation and obtained no direct benefit himself is no defense.

5. FRAUD, § 23*—*when representations relate to existing or past facts.* Misrepresentations inducing the purchase of corporate stock which related to the value and purchase price of land owned by the corporation, the value and income on a lease held by it, the disposition of the proceeds of the sale of stock, absence of promotion profits and the like, *held* to refer to existing or past facts.

6. FRAUD, § 4*—*when fraudulent intent shown.* Misrepresentations inducing the sale of corporate stock *held* to have been made with intent to deceive.

7. FRAUD, § 9*—*when negligence not shown.* One purchasing corporate stock in reliance on defendant's fraudulent representations is not chargeable with negligence, where he had no means of further investigation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.