## Lyle D. Taylor, Appellee, v. Arthur L. Currey, Appellant.

## Gen. No. 24,769.

1. Assumpsit, action of, § 44*—*what is main inquiry in action of assumpsit for money had and received*. The main inquiry in an action of assumpsit for money had and received is whether defendant holds money which *ex æquo et bono* belongs to the plaintiff.

2. Assumpsit, action of, § 50*—*when fraudulent representations are immaterial in action of assumpsit for money had and received*. In an action of assumpsit for money had and received, it is immaterial that the representations of defendant by which plaintiff was induced to invest the money in certain stock were fraudulent, unless defendant actually received or held such money, as otherwise plaintiff could not waive the tort and bring such action.

3. Assumpsit, action of, § 56*—*when action of assumpsit for money had and received will not lie against agent*. An action of assumpsit for money had and received will not lie against one who received from plaintiff money in payment of a subscription to the stock of a corporation as agent for delivery to the corporation, which thereupon issued to plaintiff therefor shares of its capital which were not reissued stock and in no way belonged to defendant, even though plaintiff's subscription was made upon fraudulent representations of defendant.

4. Assumpsit, action of, § 56*—*when person interested in sale of corporate stock not liable in action of assumpsit for money had and received*. That shares of its stock purchased by one from a corporation had originally been issued by the corporation to another does not constitute the transaction a purchase from the latter where it appeared that the latter neither paid any money for the stock when it was issued to him nor received any when he returned

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it to the corporation, so as to render such other liable in an action of assumpsit for money had and received brought by the purchaser, even though he may have profited by the purchaser's transaction with the corporation.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed with finding of fact. Opinion filed December 2, 1919. Rehearing denied December 17, 1919.

ABEL L. ALLEN and GEORGE W. HESS, for appellant.

MORRILL, SHANNON & TRISKA, for appellee; NAHUM MORRILL, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action upon the common counts. The claim as set forth in the bill of particulars is that plaintiff is entitled to $1,500 paid by him for 15 shares of the capital stock of the South Farm Company, a corporation, sold to him, as alleged, by the defendant under certain false and fraudulent misrepresentations. Defendant filed the plea of general issue. The case was heard without a jury, the court finding the issues for plaintiff and assessing his damages at $1,883.25.

On a former trial there was a judgment in favor of defendant, the trial court at the close of plaintiff's case having excluded his evidence on the theory that recovery could not be had on the common counts. On appeal therefrom, a branch of this court held that upon such evidence an action on the common counts would lie, and because of the error in excluding it reversed the judgment and remanded the cause for another trial. (192 Ill. App. 502.) The court at first directed a reversal and entry of judgment here, and its opinion was prepared with reference to such a conclusion. While it did not modify its opinion except as to the change

of order, it is apparent that in view of that change the decision was predicated on the error of the trial court in excluding plaintiff's evidence, thus necessitating a new trial on the merits and rendering much that was said in the opinion mere dictum. The record now before us contains evidence submitted on both sides and thus presents what was not before the court on the prior appeal—the merits of the controversy.

As the main inquiry in an action of assumpsit for money had and received is whether the defendant holds money which *ex æquo et bono* belongs to the plaintiff (*Belden v. Perkins,* 78 Ill. 451; *First Nat. Bank of Springfield v. Gatton,* 172 Ill. 627), no other point need be considered if, as we think, the evidence fails to support such a claim. On this point the essential facts are undisputed.

The San Luis Land & Cattle Company, a corporation, owning and operating a large estate in Mexico, entered into a contract with one John M. Dutton to sell him 100 acres of its land for $16,500 and to take back a lease thereof for 10 years. The South Farm Company, a corporation, was organized under the laws of New Jersey, with a capital stock of $25,000, manifestly for the purpose of taking over Dutton's interest under said contract which he assigned to it in consideration of $25,000 made up of 145 shares of the South Farm Company's stock at par value of $100 a share and $10,500 cash which it had received from subscriptions for the remaining 105 shares of its stock. Dutton caused the deed of the land to be made direct to the South Farm Company, and a lease on the proposed terms to be executed by the latter to the San Luis Land & Cattle Company, and carried out his contract with the latter company by turning over to it the cash aforesaid and 60 shares (par value $6,000) of said stock.

Included in the $10,500 subscribed and received for the South Farm Company's stock, was the $1,500 paid

by appellee Taylor, which he seeks to recover from appellant. That he was induced to subscribe for such stock by representations of appellant cannot be doubted, but whether such representations were fraudulent does not figure in this form of action unless appellant actually held or received money which *ex æquo et bono* belongs to appellee. (*Arnold v. Dodson,* 272 Ill. 377.) For, as said in the case cited: "A plaintiff cannot waive a tort and declare in assumpsit for money had and received unless money has actually been received by the defendant." (p. 381.)

Outside of the question of fraud, the facts on which appellee predicates his claim of money had and received are as follows: To pay for the stock Currey offered to loan Taylor the $1,500 required. Taylor accepted the offer and gave his note therefor payable to his own order. He subsequently paid the note and it was returned by Currey bearing the indorsement "A. L. Currey, Gray Trustees." Currey testified, and it was not controverted, that he represented the "Gray Estate" in that transaction, both in making the loan and collecting it. The evidence indicates that instead of handing the money so borrowed directly to Taylor, Currey handed it to the treasurer of the South Farm Company, and that 15 shares of its capital stock were then issued therefor directly to Taylor.

But regardless of whether said Gray estate or Currey made the loan, or whether Currey or some one else handed the money over to the company, the material facts are that the $1,500 went directly into the treasury of the South Farm Company in payment of its capital stock that was issued directly to appellee, and that it was not a reissue of stock, or stock subscribed for or in any way belonging to or contracted for by Currey. As tending to show appellee's recognition of this fact, he gave his receipt to Miss Hammond, its treasurer, for money which he referred to as interest

"on money handed to her to invest in stock of the South Farm Company." He had no other stock than that in question, and there was no proof tending to show that the stock so sold or subscribed for was Currey's or that he ever had any interest therein.

Currey's connection with the matter appears to have been entirely in the capacity of agent. He was the mere medium through whom appellant's money was in fact had and received by the South Farm Company. He was not even an officer of it. As such agent he could not be sued for money had and received. As said in Chitty's Pleadings, p. *365 (16th Am. Ed.):

"In general, if money be delivered to a servant or a clerk, or agent, to be paid over to a third person, being his principal, no action for money had and received, to recover it back, can be sustained against the former, although he still had the money in his hands * * * and there should be a privity of at least implied contract between the plaintiff and the defendant."

And again on page *366:

"And if a party receive money for a principal and he be merely the collector or bearer of the money, and bona fide pay it over before notice of the claim of the true owner, the action should be brought against the principal and not the servant."

It matters not, therefore, whether Currey received the money for the company as its agent, or delivered it to the company for Taylor as his agent. In either case it was manifestly a subscription contract by appellee to purchase stock from the company and not a contract to buy from appellant.

In *Arnold v. Dodson, supra,* the defendant induced the plaintiff to loan $5,000 to a corporation. The loan was subsequently paid to defendant for plaintiff. For that money the latter was then induced by fraudulent representations of the former to purchase from him capital stock of said corporation. While the cause of

action was sustained for money had and received to plaintiff's use in such sale, the court said with reference to the loan: ''The statement recited that the defendant induced the plaintiff, by means of false and fraudulent representations, to make a loan of $5,000 to a corporation, and if there had been resulting damage the action for such damage would have been in tort, because it appeared that the defendant acted as an agent and personally received nothing.'' And so here, the defendant having received the money in question as an agent for delivery to the South Farm Company in payment for its stock, the action for money had and received cannot lie against him even though plaintiff's subscription or purchase was made upon fraudulent representations by defendant.

Appellee lays some stress upon the facts that 85 shares of the stock of the South Farm Company, transferred to Dutton as aforesaid, were, by his direction, reissued to various parties, and that 18 shares thereof were reissued to appellant. It also appears that said 18 shares were indorsed by appellant for the purpose of being reissued to other parties, and that he neither paid for nor received any money for such stock. Even if it may be inferred that he profited from the transaction with appellee, yet that fact would not of itself tend to show that the contract for the sale of stock to appellee was one between him and appellant and not with said company.

Reaching the conclusion, therefore, that the contract for the purchase of the stock was one between appellee and the South Farm Company, and that it and not Currey received the money in question, the judgment, regardless of other points urged, must be reversed with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact.   We find that in the transaction upon which this action is based no money was had, held or received by appellant, Arthur L. Currey, to the use of appellee, Lyle D. Taylor, and that the money so sued for was paid for stock sold to appellee by the South Farm Company, a corporation, and not by appellant Currey.