FRED W. STANSELL, Plaintiff-Appellant, *v.* INTERNATIONAL FELLOWSHIP, INC., Defendants-Appellees.

(No. 59475; ▮▮▮▮▮▮▮▮

First District (3rd Division)—September 19, 1974.

Wachowski & Wachowski, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey and Witous, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County quashing service of summons on Mildred Brown and dismissing her as a party defendant from this action. Brown was served with summons at her residence in Erie County, New York. She filed a special appearance in the circuit court of Cook County challenging the court's jurisdiction over her person. (Ill. Rev. Stat. 1971, ch. 110, par. 20.) The trial court upheld her position and dismissed plaintiff's action as to her. The other defendant in this action filed a general appearance and submitted to the court's jurisdiction. Defendant Brown now appears pursuant to the express finding of the court that there was no just reason for delaying enforcement or appeal. Ill. Rev. Stat. 1971, ch. 110A, par. 304(a).

This appeal involves the Illinois "long-arm" statute, namely section 17(1)(b) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 17(1)(b)) and its application to Mrs. Brown. The only issue presented is whether the trial court correctly decided that it did not have the power to obtain personal jurisdiction over her.

We affirm.

The relevant information before the trial court was as follows. Plaintiff, acting as administrator of the estate of Leslie Ann Stansell, brought a wrongful death action (Ill. Rev. Stat. 1971, ch. 70, pars. 1, 2) in the circuit court of Cook County, Illinois, against International Fellowship, Inc. (International), a corporation, and Mildred M. Brown, as president of International and in her individual capacity. According to the allegations of plaintiff's amended complaint International was a New York

not-for-profit corporation with its princ'pal place of business in New York. Its business was arranging foreign exchange programs whereby students of one country visited another country for a period of foreign study. The complaint further alleged that International and Mrs. Brown solicited Leslie Ann Stansell at her high school in Illinois to participate in one of their programs. Pursuant to an agreement between Leslie's mother and father, the plaintiff in this action, on the one hand, and International, on the other hand, Leslie was enrolled in the foreign exchange program. The complaint alleged that by virtue of this agreement International and Brown owed a duty to provide decedent with a reasonably safe means of transportation. The complaint further alleged that Brown, as president of International, was in charge of selecting the airlines used for transportation of the students. Plaintiff's theory was that Brown breached this duty by selecting an unsafe airline, L.A.N.S.A., to transport decedent between Lima and Cuzco, Peru and Brown knew or should have known that the selection of L.A.N.S.A. would expose decedent to an unreasonable risk to her safety. The plane crash and decedent's resultant death took place in Peru. The complaint alleged that the breach of duty proximately caused decedent's death.

Brown and International were served with summons in New York pursuant to the Illinois "long-arm" statute (Ill. Rev. Stat. 1971, ch. 110, pars. 16, 17). International filed a general appearance, thereby submitting to the circuit court's jurisdiction. In her special and limited appearance Brown moved to quash the service of summons on her and to dismiss the action as to her. She submitted an affidavit which stated that she did not act in Illinois, either individually or in her capacity as president of International, which could serve as the basis of the court's jurisdiction over her. Plaintiff filed a counter-affidavit. Paragraph No. 6 of that affidavit recited "that the defendant, Mildred M. Brown, president of International, was in charge of the transportation program arranged by International and also in charge of the representations made inter alia by International as to its expertise in the field of transportation as shown by a letter addressed to all parents and students, marked Exhibit B and made a part hereof; that said letter was distributed to the decedent and her parents in the State of Illinois." The attached copy of an orientation letter purportedly sent to the Stansells boasts of an "enviable record over the past years in the area of transportation of our students." The copy of the letter does not show a signature. The name of Mildred M. Brown and other names appear on the letterhead under the heading "Board of Directors" where she is listed as president.

In this appeal plaintiff contends that jurisdiction over Mrs. Brown

rests on section 17(1)(b) of the Civil Practice Act. He argues that the acts of Brown which form the basis of the cause of action against her constitute "the commission of a tortious act within this State."

■■ In *Nelson v. Miller* (1957), 11 Ill.2d 378, 143 N.E.2d 673, a case upholding the constitutionality of sections 16 and 17 of the Civil Practice Act, the court held that sections 16 and 17 reflect a conscious purpose to assert jurisdiction over non-resident defendants to the extent permitted by the due process clause. However, there are limits, circumscribed by the due process clause, to the exercise of personal jurisdiction. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill.2d 432, 176 N.E.2d 761.) In *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L.Ed.2d 1283, 78 S.Ct. 1228, the United States Supreme Court stated: "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." 357 U.S. at 251.

We must evaluate each case of contested jurisdiction on its particular facts and circumstances. There is no mechanical test. (*Gray v. American Radiator & Sanitary Corp., supra.*) While we are mindful of the expansive reach of section 17(1)(b), nevertheless there has not been a showing of sufficient "contacts" between the alleged tortious acts of Mrs. Brown and the State of Illinois to allow maintenance of the action in Illinois.

■■ In determining whether Mrs. Brown committed a tortious act in Illinois within the meaning of the statute, we must examine the elements of plaintiff's theory of recovery. For the purpose of this appeal, we draw the distinction between whether sufficient jurisdictional facts exist and whether the complaint is good, as a matter of substantive law, against a motion to dismiss for failure to state a cause of action. The examination of jurisdictional facts involve a preliminary inquiry into whether the complaint states a cause of action. This is to insure that acts or omissions which form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction. (See *Nelson v. Miller*, 11 Ill.2d at 393, 143 N.E.2d at 681.) Any findings made during this preliminary inquiry are not determinative if the same issues should arise on the merits. Ill. Rev. Stat. 1971, ch. 10, par. 20(2).

■■ The basic elements of recovery under the Wrongful Death Act are a duty of defendant toward the deceased, a breach of that duty, and pecuniary damages resulting therefrom to persons designated by the Act. (*Flynn v. Vancil* (1968), 41 Ill.2d 236, 240, 242 N.E.2d 237, 241.) The amended complaint alleged that International and Mrs. Brown owed a duty to decedent to provide a reasonably safe means of transportation.

This duty arose out of the performance of the agreement between decedent's parents and International. We have found authorities which are sufficiently analogous so as to lend support to this theory. *Stevenson v. Four Winds Travel, Inc.* (5th Cir. 1972), 462 F.2d 899; *McCall v. Overseas Tankship Corp.* (2d Cir. 1955), 222 F.2d 441; Restatement (Second) of Torts § 307 (1965).

■■■ Assuming that plaintiff has adequately stated a cause of action for purposes of this appeal, we proceed to discuss the connection between the tortious act and the State of Illinois. It is true, as plaintiff points out, that even though Mrs. Brown was president of International she was not insulated from liability for her own tortious acts. (*McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill.App.3d 345, 357-58, 272 N.E.2d 369, 377; *Kulesza v. Chicago Daily News, Inc.* (1941), 311 Ill.App. 117, 125, 35 N.E.2d 517, 521.) Nevertheless, in this record, we can find no act or omission in Illinois on the part of Mrs. Brown. Even assuming that she was in charge of selecting the airline, this act was not performed in Illinois. Likewise, decedent's death occurred in Peru.

■■ Plaintiff argues that Mrs. Brown breached a duty which was created in Illinois by virtue of the fact that decedent's parents signed the agreement with International in Illinois. Plaintiff also argues that the decedent's next of kin were Illinois residents. These two factors are not sufficient contacts with Illinois to confer jurisdiction under section 17(1)(b). The first factor concerns where the contract was executed and has no bearing on the locus of the tortious conduct alleged during the performance of that contract by International. The second factor is equally unimportant. Unquestionably the Illinois legislature has entrusted to the courts an interest in securing for its citizens redress for torts committed in Illinois. However, there must be the minimum contacts between the tortious activity and Illinois so that maintenance of the action would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154.

The order of the circuit court of Cook County quashing service of summons and dismissing defendant Brown is affirmed.

Order affirmed.

DEMPSEY and MEJDA, JJ., concur.