CAPTAIN INTERNATIONAL INDUS-
TRIES, INC., a Pennsylvania
Corporation, Plaintiff,

v.

The WESTBURY, CHICAGO, INC., an Illinois Corporation, and Knott Hotels Corporation, a Delaware Corporation, Defendants.

No. 75 C 107.

United States District Court,
N. D. Illinois, E. D.

Nov. 18, 1975.

Timothy C. Klenk, Arthur W. Hahn and Nancy A. Schaefer, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff.

Robert D. Barnes and Paul D. Frenz, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for defendants.

DECISION ON MOTION OF KNOTT
HOTELS CORP. TO DISMISS

McMILLEN, District Judge.

The defendant Knott Hotels Corp. is a Delaware corporation with its principal place of business in New York. It was served there personally and was also served through its subsidiary, the defendant The

Westbury, Chicago, Inc., and has filed a motion to dismiss for lack of jurisdiction, improper venue and insufficient service of process.

■ The plaintiff has the burden to show jurisdiction but has the advantage of having the facts resolved in its favor on this motion. *United States Railway Eqpt. Co. v. Port Huron & Detroit R. Co.*, 495 F.2d 1127 (7th Cir. 1974). The issue therefore becomes one of whether the plaintiff has adduced sufficiently substantial evidence to show jurisdiction over this nonresident defendant, and we find and conclude that it has done so. Therefore, the defendant Knott's motion to dismiss will be denied.

Knott itself did business in Illinois both before and after the incorporation of its subsidiary Westbury. Knott's officers and directors negotiated a lease in Chicago which was later signed by them as officers of Westbury. The lease was executed by Westbury but this subsidiary had little or no capacity to perform it, and Knott guaranteed the lease for its full amount plus a guarantee of a $1,007,000 penalty in the event of default. This act in and of itself is probably enough to satisfy the jurisdictional requirements of *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971).

In addition, however, Knott financed its subsidiary to the extent of several million dollars in advances and also paid most of its officers and key employees. Knott exercised continuous supervision over the activities of Westbury by means of Knott officials who were physically present in Illinois for that purpose and by other persons who kept the books and records of the subsidiary in New York. Finally, Knott allowed its name to be used by Westbury and operated a reservation office for it in Chicago. These activities satisfy the requirements of *Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481 (7th Cir. 1968).

■ A second sufficient basis for jurisdiction is that Knott was present in this jurisdiction through the activities of West-

bury as an agent. Westbury was wholly owned by Knott, was financed by it, and was in a real sense managed by the parent corporation. Although the question of jurisdiction is different from the question of ultimate liability, the close relationship and domination by the parent corporation over its subsidiary's activities in Illinois bring this case within the holding of *Leach Co. v. General Sani-Can Mfg. Corp.*, 393 F.2d 183 (7th Cir. 1968). It clearly appears from the record that, although Westbury may have been a separate corporation for tax purposes and perhaps for other business purposes, it was always supervised and dominated by its principal, the defendant Knott. See also *GAF Corp. v. Hanimex Corp.*, 294 F.Supp. 495 (N.D.Ill.1968).

Many of the factors which indicate that Knott was doing business in Illinois are also evidence that Westbury was a mere agent of Knott. Westbury used Knott's name, received its services for reservations, received its employees' services without cost and received a substantial amount of financing without interest. As a matter of fact, the subsidiary did not hold directors' meetings after June 1974 and did not even keep an accurate record of the number of shares which it had issued to Knott in exchange for capital contributions, indicating that the relationship was one of convenience rather than an arms' length business transaction. When Westbury's hotel became unprofitable, Knott refused to extend any additional credit and even refused any liability for the penalty on the lease. Ultimately, a vice president of Knott terminated the lease and turned over the subsidiary's property to the landlord. This relationship and control goes far beyond that found in *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925).

■ The contract which is sued upon in this case arose out of the operation of the Westbury hotel. It was therefore clearly a part of the commercial activities in which the defendant Knott engaged or financed for its agent in this District. This relationship between the contract sued upon and

the activities of the defendant Knott satisfy the Illinois requirements for jurisdiction under such cases as *Koplin v. Thomas, Haab & Botts*, 73 Ill.App.2d 242, 219 N.E.2d 646 (1st Dist. 1966). They also satisfy the due process requirements of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the defendant Knott Hotels Corp. to dismiss the complaint is denied and it is ordered to file an answer thereto within two weeks (14 days) hereof.

This case will be called for a report on status on Monday, December 15, 1975 at 10:30 a. m.