**CAICOS PETROLEUM SERVICE CORP., Plaintiff,**

v.

**Robert Brian HUNSAKER, Defendant.**

No. 80 C 6228.

United States District Court,
N.D. Illinois, E.D.

April 28, 1982.

Benson, Goldstein & Stengel, Chicago, Ill., for plaintiff.

Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff, Caicos Petroleum Service, Corp., ("Caicos"), brought this action for breach of contract and conversion against Robert Hunsaker in federal district court pursuant to this court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Plaintiff is a New Mexico corporation with its principal place of business in Illinois, and defendant is a citizen of Texas. Hunsaker has been a resident of Providenciales, Turks and Caicos Islands in the British West Indies since December 1978. Defendant has filed a motion to dismiss plaintiff's claim on the grounds that the court lacks personal jurisdiction over him.

In a suit based on diversity of citizenship, a federal court has personal jurisdiction only if the forum state court would have jurisdiction had the suit been brought there. Fed.R.Civ.P. 4(d)(7), *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc.,* 597 F.2d 596, 598 (7th Cir.1979), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980). In Illinois the state courts can assert personal jurisdiction over a non-resident defendant "as to any cause of action arising from . . . (a) the transaction of any business within this State; or (b) the commission of a tortious act within this State." Ill.Rev.Stat. 1979, ch. 110, § 17(1). Illinois courts will have jurisdiction only if the non-resident defendant's conduct falls within the language of the long arm statute. *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 197, 57 Ill.Dec. 730, 733, 429 N.E.2d 847, 850 (1981); *Green v. Advance Ross Electronic Corp.,* 86 Ill.2d 431, 436, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981).

On a motion to dismiss for lack of personal jurisdiction the plaintiff has the burden of providing sufficient evidence to support jurisdiction and the concurrent advantage of having all factual disputes resolved in its favor. *Captain International Industries, Inc. v. Westbury, Chicago, Inc.,* 416 F.Supp. 721, 722 (N.D.Ill.1975). The court may consider affidavits submitted by the parties on the issue of jurisdiction. *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir.1971); *Kutner v. DeMassa,* 96 Ill.App.3d 243, 51 Ill.Dec. 723, 421 N.E.2d 231 (1st Dist.1981). "[I]f a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Kutner v. DeMassa, supra,* 421 N.E.2d at 235; *Oddi v. Mariner Denver, Inc.,* 461 F.Supp. 306, 310 (S.D.Ind.1978).

Plaintiff asserts that this court has jurisdiction over defendant based on the following facts: (1) defendant initiated the sale of an airplane to plaintiff, an Illinois corporation; (2) the contract of sale was negotiated by plaintiff, in Chicago, and defendant, in Providenciales, over long-distance telephone and telex; (3) defendant was an employee of plaintiff and knew that plaintiff was an Illinois-based corporation; and (4) plaintiff paid for the airplane with a check drawn on an Illinois bank account.

Although the Illinois Supreme Court's recent contraction of the reach of the long arm statute [1] has left the standard for de-

---

I. Under prior case law it had been held that the "long arm statute reflects a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause." *Nelson v. Miller,* 11 Ill.2d 378, 389, 143 N.E.2d 673, 679 (1957). The Illinois Supreme Court has reinterpreted this language and the scope of the statute, stating:

We do not, however, regard this observation as the equivalent of declaring that the con-

struction and application of section 17(1)(b) depend entirely upon decisions determining in what circumstances due process requirements would permit long arm jurisdiction. . . . A statute worded in the way ours is should have a fixed meaning without regard to changing concepts of due process, except, of course, that an interpretation which renders the statute unconstitutional should be avoided. . . . [W]e prefer to re-

termining personal jurisdiction uncertain, *Adair v. Hunt International Resources Corp.,* 526 F.Supp. 736 at 739 (N.D.Ill. February 22, 1982), under the statute the jurisdictional facts must show that defendant either transacted business within Illinois, or committed a tortious act within the state, and that the cause of action arises out of such conduct. Ill.Rev.Stat.1979, ch. 110 § 17. Although plaintiff in its complaint has included a count for tortious conversion of property, the parties have addressed the question of jurisdiction solely under the "transaction of business" section of the long arm statute. The court will thus first determine whether the defendant's acts fall within the meaning of that section.

Plaintiff has cited cases wherein Illinois courts have asserted personal jurisdiction over a non-resident based on a single business transaction. Although these cases used, at least in part, a broader due process analysis under *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, they provide an analytical framework for interpreting the meaning of "the transaction of business within this State." The relevant factual inquiries are: who initiated the transaction and where did the transaction take place.

Plaintiff's general and rather vague statements concerning the initiation of and negotiations for the sale of the airplane are clarified rather than disputed by defendant's affidavits. Defendant states that he was approached in Providenciales by an agent of Caicos, a Mr. Jack Karstrom, and that Karstrom expressed an interest in leasing the airplane. Although the affidavits conflict as to who suggested the sale, and thus the court accepts plaintiff's assertion that defendant "initiated" the sale, Coghlin Aff. ¶ 3, it is uncontested that the initial contact was made in a face-to-face meeting in the West Indies.[2] Defendant specifies that the offer of sale was made on or about April 15, 1980, and that plaintiff's agent informed him approximately two weeks later that his company had agreed to purchase the airplane. It is not clear from the affidavits what conversation ensued, but from the complaint and plaintiff's affidavits it appears that subsequent negotiations took place over long-distance telephone and telex, and that final terms were settled on or about September 15, 1980. Thereafter, plaintiff began making payments to defendant according to the terms agreed upon. Comp., Count II, ¶ 3.

Illinois courts make a clear distinction between contacts initiated in Illinois by an agent of a non-resident defendant and contacts made by an agent of the plaintiff in the non-resident defendant's state. In the former situation the defendant has entered the state and contacted the plaintiff here, and consequently the courts have found jurisdiction. *United Air Lines, Inc. v. Conduction Corp.,* 69 Ill.App.3d 847, 26 Ill.Dec. 344, 387 N.E.2d 1272 (1st Dist.1979); *Scovill Manufacturing Co. v. Dateline Electric Co.,* 461 F.2d 897 (7th Cir.1972); *Morton v. En-*

solve this appeal by looking to the meaning of our statute."

*Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 436, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206, *Cook Assoc., Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 197–98, 57 Ill.Dec. 730, 733, 429 N.E.2d 847, 850 (1981). This court has noted that the Illinois courts now apply a higher threshold for asserting personal jurisdiction than the minimum contacts test established in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Adair v. Hunt Int'l Resources Corp., supra,* at 739.

2. Defendant's statement that he was approached by plaintiff's agent in Providenciales is not inconsistent with plaintiff's statement that "at all times relevant Plaintiff's personnel were situated in Chicago, Illinois." Coghlin Aff. ¶ 5. Plaintiff could have been acting through a third party agent, *see Telco Leasing Co. v. Marshall County Hospital,* 586 F.2d 49 (7th Cir.1978), or could consider an agent temporarily working out of state to be "situated" in Illinois. Moreover, plaintiff's own assertion that defendant was an employee of plaintiff indicates that being "situated in Chicago, Illinois" does not necessarily mean being physically present there. *See* Coghlin Aff. ¶ 6. Finally, plaintiff failed to file a counter-affidavit denying that Jack Karstrom was its agent, or that Mr. Karstrom met with defendant in Providenciales. Consequently, defendant's statements regarding these meetings are taken as true.

*vironmental Land Systems, Inc.,* 55 Ill. App.3d 369, 13 Ill.Dec. 79, 370 N.E.2d 1106 (1st Dist.1977). Where the plaintiff's agent has gone into a foreign jurisdiction to initiate or obtain a sale, however, the courts have found no jurisdiction absent other significant contacts. *Wessel Co., Inc. v. Yoffee & Beitman Management,* 457 F.Supp. 939 (N.D.Ill.1978); *Telco Leasing, Inc. v. Marshall County Hospital,* 586 F.2d 49 (7th Cir.1978); *Geneva Industries Co. v. Copeland,* 312 F.Supp. 186 (N.D.Ill.1970). The courts in the latter group of cases found insufficient jurisdictional contacts under the broader due process analysis, which delineates the outer reaches of constitutionally permissible assertions of personal jurisdiction. The same contacts initiated outside the state would necessarily be insufficient under the stricter approach now used by the Illinois courts in applying the Illinois long arm statute.

In *Artoe v. Mann,* 36 Ill.App.3d 204, 343 N.E.2d 647 (1st Dist.1976), the Illinois plaintiff had visited the office of the defendant in California in an attempt to sell his product, and subsequent telephone calls were initiated by both the defendant and the plaintiff. In plaintiff's breach of contract action the court noted that defendant's calls into Illinois did not show an intent to benefit from Illinois law, especially when coupled with the fact that his performance of the contract took place outside the state. Rather, it was the Illinois plaintiff who transacted business in California. In another Illinois case the court found no personal jurisdiction over the defendant because the transaction was initiated by the plaintiff both by telephone and by a personal visit to the defendant's office in Georgia, and because the defendant's entire performance took place out of state. "[T]he exchange of phone calls and correspondence are not enough to support jurisdiction," it concluded. *Woodfield Ford, Inc. v. Akins Ford Corp.,* 77 Ill.App.3d 343, 349, 32 Ill.Dec. 750, 755, 395 N.E.2d 1131, 1136 (1st Dist.1979).

Plaintiff's agent in the West Indies expressed to defendant the need for an airplane, and thus invited an offer to sell by defendant. Regardless of whether plaintiff was an Illinois-based corporation or a local West Indian corporation (*see* Coghlan Aff. ¶ 6) defendant was contacted in the place of his residence. Plaintiff states that "numerous conversations took place between defendant and officers and employees of plaintiff ... by way of telex and long-distance telephone," Coghlan Aff. ¶ 4, but does not indicate who initiated those communications. Such an exchange of phone calls is not enough to support jurisdiction, especially when the calls were made pursuant to a contract initially sought in defendant's state. "To label these telephone calls and letters ... significant contacts with Illinois would be to destroy the distinction between the transaction of business in Illinois and the transaction of business with an Illinois corporation. Only the former constitutes grounds for exercising *in personam* jurisdiction over a foreign defendant, but only the latter is involved here." *Wessel Co., Inc. v. Yoffee & Beitman Management,* 457 F.Supp. 939, 941 (N.D.Ill.1978). Indeed, were the mere use of interstate telephone systems sufficient to support jurisdiction, any state into which a phone call was directed would be capable of asserting personal jurisdiction over the caller. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc., supra,* 597 F.2d 596, 604.

The second factor that Illinois courts have examined when asserting jurisdiction over an absent defendant is where the contract or transaction was performed. Plaintiff cites *Ward v. Formex,* 27 Ill.App.3d 22, 325 N.E.2d 812 (2d Dist.1975), in which the court found sufficient basis for asserting personal jurisdiction over a nonresident defendant in a case arising from the breach of a single contract between a Nevada corporation and an Illinois filmmaker. The parties had made initial contact in Kentucky, and the defendant had never entered Illinois. The court based jurisdiction on the fact that the contract required that a major portion of the plaintiff's work in producing a film for the defendant, *i.e.,* processing, editing, rework, mounting and printing, take place in Illinois. Similarly, in *Cook Associates, Inc. v. Colonial Broach & Ma-*

*chine Co.,* 14 Ill.App.3d 965, 304 N.E.2d 27 (1st Dist.1973) and *Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 308 N.E.2d 78 (1st Dist.1974), where single telephone transactions were found sufficient to support jurisdiction, the "defendants knew or should have known that the completion of the agreement would be performed exclusively in Illinois."[3] *Artoe v. Mann,* 36 Ill. App.3d 204, 206, 343 N.E.2d 647, 649 (1st Dist.1976).

The facts as stated by plaintiff do not show that the contract at issue required the performance of any acts in Illinois. Plaintiff fails to indicate where the airplane is located and thus defendant's statement that it is presently in Florida is taken as true. Additionally, plaintiff has not asserted that at any time relevant to the sale the plane was in Illinois, *e.g.,* for repair or inspection by plaintiff. The only aspect of plaintiff's performance in Illinois was that it "paid Defendant . . . by checks drawn on Illinois banks." Coghlin Aff. ¶ 7. This single act, however, does not constitute the "continuing performance by plaintiff in Illinois for defendant's benefit" necessary to support the exercise of jurisdiction absent affirmative acts by the defendant in Illinois. *Woodfield Ford, Inc. v. Akins Ford Corp.,* 77 Ill.App.3d 343, 350, 32 Ill.Dec. 750, 756, 395 N.E.2d 1131, 1137 (1st Dist.1979).

Turning to defendant's conduct, it is clear that he never performed any acts under the contract in Illinois. He was never present in Illinois, nor is there any indication that he was obligated to enter Illinois under the contract of sale. Defendant did not transact business within Illinois by accepting checks which had to clear an Illinois bank, for defendant's performance occurred in Providenciales or Florida when he accepted the payments and presumably deposited them there. *Woodfield Ford, Inc. v. Akins Ford Corp., supra.* As plaintiff alleges no

other acts by defendant in Illinois, the court concludes that defendant has not performed acts within Illinois sufficient to justify the exercise of jurisdiction over him.

Plaintiff also states that defendant is its employee and that he was aware that Caicos did business in Illinois. Coghlan Aff. ¶ 6. Defendant denies that he was an employee of plaintiff, and states that he was an independent contractor for a subsidiary of plaintiff. Hunsaker Aff. of May 4, 1981, ¶ 12. Resolving this conflict in favor of plaintiff, the fact that a defendant is an employee of an Illinois corporation does not in itself establish sufficient facts to support jurisdiction. This is especially true when the defendant performed his duties outside the state and the substance of the plaintiff's claim is based on a dispute which arose outside the state. *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 435, 56 Ill.Dec. 657, 659, 427 N.E.2d 1203, 1205 (1981).

█ Caicos' complaint, in addition to alleging a breach of contract, alleges that defendant converted for his own use the airplane purportedly purchased by plaintiff. Although neither party has suggested that jurisdiction should be premised on the "commission of a tortious act within this State," Ill.Rev.Stat.1979, ch. 110 § 17(1)(b), this court holds that the facts of this case fail to support a finding of jurisdiction under this section. Defendant states that the object of the alleged conversion, the 1960 Beechcraft airplane, is located in Florida and there is no indication in the record that the aircraft was ever in Illinois.

█ In determining where a tortious act occurs, Illinois courts hold that "the place of the wrong is where the last event takes place which is necessary to render the actor liable." *Wiedemann v. Cunard Line, Inc.,*

---

**3.** In *Cook Associates, Inc. v. Colonial Broach & Machine Co.,* the defendant telephoned the plaintiff, an Illinois employment agency, regarding a prospective employee, and agreed to pay a fee if the individual was hired. The plaintiff neither initiated the agreement nor sent an agent into defendant's state. Plaintiff's entire performance was in Illinois. In *Colony*

*Press, Inc. v. Fleeman,* the defendant telephoned the plaintiff in Illinois and ordered certain advertising materials. The plaintiff prepared the copy, printed it after receiving defendant's approval via the mail, and shipped it to its destination in Ohio. The defendant had initiated the contract and knew that plaintiff would perform its obligations wholly in Illinois.

63 Ill.App.3d 1023, 1033, 20 Ill.Dec. 723, 731, 380 N.E.2d 932, 940 (1st Dist.1978) quoting *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 435, 176 N.E.2d 761, 762 (1961). Conversion is the "unauthorized assumption of the right to possession or ownership. The essence of conversion is not the acquisition of the property by the wrongdoer, but a wrongful deprivation of the owner thereof." *Dickson v. Riebling,* 30 Ill.App.3d 965, 967, 333 N.E.2d 646, 648 (3d Dist.1975).

In this case the defendant allegedly has control over the aircraft in Florida, and plaintiff was deprived of the use of the plane because of defendant's failure to transfer the plane to it. The aircraft was never within Illinois so plaintiff could not have been deprived of its use in Illinois.[4] Defendant's act of possessing or exercising control over the plane in Florida was the act constituting the wrong to the plaintiff, and that act took place in Florida. Because the conversion occurred in Florida it cannot constitute the commission of a tortious act within Illinois under Ill.Rev.Stat.1979, ch. 110, § 17(1)(b). Therefore the court finds no basis for asserting personal jurisdiction over defendant under that section of the long arm statute.

Based on the complaint and the affidavits of the parties, the court concludes that the assertion of personal jurisdiction over Robert Hunsaker, a resident of Providenciales, Turks and Caicos Islands, British West Indies, is not warranted under the Illinois long arm statute. Plaintiff relies on facts which demonstrate its own contacts with Providenciales, but fails to allege specific facts indicating that the defendant initiated the transaction of business within Illinois, performed its contractual obligations in Illinois, or intended the plaintiff to perform its obligations in Illinois for defendant's benefit. Hunsaker has never been to Illinois and his contact with plaintiff in Providenciales is too indirect a link to Illinois to

support a finding of jurisdiction. Additionally, the plaintiff's allegation that defendant converted an airplane now located in Florida is insufficient to base personal jurisdiction on the commission of a tortious act within Illinois. Therefore, defendant's motion to dismiss for lack of personal jurisdiction is granted.

---

4. The Illinois Supreme Court in *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 438, 56 Ill.Dec. 657, 661, 427 N.E.2d 1203, 1207 (1981), held that an adverse financial impact resulting within Illinois from torts committed outside the state is not the equivalent of the commission of a tortious act within the state for purposes of jurisdiction. In that case the alleged tort was a fraud perpetrated upon an Illinois corporation by a Texas employee.