**Mercedes CONNOLLY, Plaintiff,**

v.

**Judy SAMUELSON, d/b/a International Tours of Manhattan, Defendant.**

**No. 85 C 2301.**

United States District Court,
N.D. Illinois, E.D.

June 12, 1985.

Shelley R. Smith/William S. Piper, Epton, Mullin & Druth, Ltd., Chicago, Ill., for plaintiff.

Kevin R. Sido/Robert S. Knowles, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Mercedes Connolly ("Connolly"), a citizen of Illinois, brings this diversity action against defendant Judy Samuelson ("Samuelson"), a Kansas citizen. Connolly essentially alleges that while participating in a land tour of South Africa she was injured while crossing a stream; she sues Samuelson for negligently planning and marketing the tour package. Presently before the Court is Samuelson's motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, Samuelson's motion is granted.

On a motion to dismiss for lack of jurisdiction, the plaintiff has the burden of providing sufficient evidence to support jurisdiction. *Caicos Petroleum Service Corp. v. Hunsaker*, 551 F.Supp. 152, 153 (N.D.Ill.1982); *Captain International Industries, Inc. v. Westbury, Chicago, Inc.*, 416 F.Supp. 721, 722 (N.D.Ill.1975). The court may consider affidavits submitted by the parties on the question of jurisdiction. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971). "[I]f a

defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Kutner v. DeMassa*, 96 Ill.App.3d 243, 51 Ill.Dec. 723, 727, 421 N.E.2d 231, 235 (1st Dist.1981); *Caicos Petroleum*, 551 F.Supp. at 153.

■ A federal court has jurisdiction over a diversity suit such as this one only if a court of the forum state would have jurisdiction had the suit been brought there. *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc.*, 597 F.2d 596, 598 (7th Cir.1979), *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980). State courts in Illinois can assert personal jurisdiction over a non-resident defendant who "does business" within the state or who has performed one of the acts enumerated in the Illinois long arm statute. *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 199, 57 Ill.Dec. 730, 734, 429 N.E.2d 847, 851 (1981). The long arm statute sections arguably relevant to this case give the Illinois courts jurisdiction "as to any cause of action arising from ... (1) The transaction of any business within this State; or (2) the commission of a tortious act within this State." Ill.Rev.Stat. ch. 110, ¶ 2–209.

## A. *Doing Business in Illinois*

Connolly alleges in her complaint that Samuelson "does business in the State of Illinois." Complaint, para. 2. Illinois courts have long applied the doctrine that a non-resident defendant may effectively consent to be sued in the state by virtue of doing business there. *Cook Associates*, 87 Ill.2d at 199–03, 57 Ill.Dec. at 733–36, 429 N.E.2d at 850–53. However, this doctrine applies only when there is some regularity of activities in Illinois. *Id.*, 87 Ill.2d at 202–03, 57 Ill.Dec. at 735–36, 429 N.E.2d at 852–53.

■ It is clear that Samuelson's commercial activities do not bring her within the doing business doctrine. In an undisputed affidavit, Samuelson avers that she does not maintain an office or any bank accounts in Illinois, has no agents or employees located in Illinois, does not travel herself to Illinois to do business and does not advertise or otherwise actively solicit business in Illinois. In fact, Samuelson swears that Connolly and her husband are the only Illinois residents with whom she can remember doing business. Because these uncontested facts are taken to be true, we find that Samuelson's conduct does not amount to doing business in Illinois.

## B. *Transaction of Business in Illinois*

■ The first section of the Illinois long arm statute that might possibly relate to this case gives the courts jurisdiction when the cause of action arises from the transaction of business within the state. Although Connolly does not explicitly argue that this section applies here, she does argue that the exercise of personal jurisdiction over Samuelson is warranted by Samuelson's sale "in Illinois" of the South African tour package. However, the factual allegations in both Connolly's complaint and Samuelson's affidavit demonstrate the attenuated contact Samuelson has had with Illinois. Samuelson never travelled to this state concerning any of her business dealings with Connolly; rather, all of their correspondence was by mail or telephone. Moreover, their business had nothing to do with Illinois, but dealt with a tour of South Africa that was arranged in Kansas. Absent any other connection to Illinois, the parties' exchange of mail and telephone calls is not enough to support personal jurisdiction over Samuelson. *Maurice Sternberg, Inc. v. James*, 577 F.Supp. 882, 885 (N.D.Ill.1984); *Caicos Petroleum*, 551 F.Supp. at 155; *U. S. Reduction Co. v. Amalgamet, Inc.*, 545 F.Supp. 401, 403 (N.D.Ill.1982); *Woodfield Ford, Inc. v. Akins Ford Corp.*, 77 Ill.App.3d 343, 349, 32 Ill.Dec. 750, 754, 395 N.E.2d 1131, 1136 (1st Dist.1979); *see also Artoe v. Mann*, 36 Ill.App.3d 204, 343 N.E.2d 647 (1st Dist. 1976).

## C. *Tortious Act in Illinois*

■ Connolly's opposition to Samuelson's motion to dismiss focuses on ¶ 2–

209(2), the portion of the long arm statute which provides for jurisdiction over defendants who commit tortious acts in Illinois. Samuelson argues that Connolly has failed to allege any tortious act within the state. We agree.

In the frequently cited case of *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), the Illinois Supreme Court ruled that the wrong (which it equated with "tortious act") occurs "where the last event takes place which is necessary to render the actor liable." *Id.*, 22 Ill.2d at 435, 176 N.E.2d at 762–63. In most cases, that is where the injury to the plaintiff occurs. The Court declined to distinguish the terms "tort" and "tortious act" in construing the long arm statute, and it refused to allow parties to raise "extraneous issues concerning the elements of a tort and the territorial incidence of each...." *Id.*, 22 Ill.2d at 436, 176 N.E.2d at 763.

The Illinois Appellate Court followed this aspect of *Gray* in *Wiedemann v. Cunard Line Limited*, 63 Ill.App.3d 1023, 20 Ill. Dec. 723, 380 N.E.2d 932 (1st Dist.1978). In *Wiedemann*, a traveler sued a cruise ship owner, a vacation tour operator and others for injuries he sustained on a beach at a resort hotel in the West Indies. The court found no tortious act in Illinois, since the traveler was injured in the West Indies and that was the only place where any specifically alleged misrepresentations had been made. *Id.*, 63 Ill.App.3d at 1033, 380 N.E.2d at 940.

Also factually similar to this case is *Stansell v. International Fellowship, Inc.*, 22 Ill.App.3d 959, 318 N.E.2d 149 (1st Dist. 1974). In *Stansell*, the plaintiff's decedent was killed in a plane crash in Peru. The non-resident individual defendant contesting the Illinois court's jurisdiction was the president of the association which had arranged the ill-fated airplane trip. The court found no act or omission in Illinois on the part of the defendant: "Even assuming that she was in charge of selecting the

airline, this act was not performed in Illinois. Likewise, decedent's death occurred in Peru." *Id.*, 22 Ill.App.3d at 963, 318 N.E.2d at 152.

Applying the principles enunciated in *Gray*, *Wiedemann* and *Stansell* to this case, we find no tortious act by Samuelson in Illinois. The injury to Connolly occurred in South Africa, not the Land of Lincoln. Moreover, even if Samuelson had been negligent somehow in planning Connolly's trip, she committed that negligence in Kansas. Connolly does not convincingly distinguish her case from *Widemann* or *Stansell*, but simply stresses Samuelson's correspondence and phone calls into the state. However, Connolly is not really complaining of a negligently placed phone call or letter, and we find that these do not constitute tortious acts within the meaning of the long arm statute.

Connolly does cite two Illinois cases which give an expanded definition to "tortious act," *Connelly v. Uniroyal, Inc.*, 55 Ill.App.3d 530, 13 Ill.Dec. 162, 370 N.E.2d 1189 (1st Dist.1977), *aff'd in part and rev'd in part on other grounds*, 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d 155 (1979), *cert. denied*, 444 U.S. 1060, 100 S.Ct. 992, 62 L.Ed.2d 738 (1980), and *Braband v. Beech Aircraft Corp.*, 51 Ill.App.3d 296, 9 Ill.Dec. 684, 367 N.E.2d 118 (1st Dist.1977), *aff'd on other grounds*, 72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978), *cert. denied*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 296 (1979). However, these cases do not support Connolly's position for several reasons. First, the courts' assertion that the phrase "commission of a tortious act" applies not only to an injury but also to all elements of a tort causally related to the injury ignores the Illinois Supreme Court's holding in *Gray* discussed above. Second, these decisions were rationalized in part by the outdated characterization of the Illinois long arm statute as "one which provides jurisdiction over non-residents to the fullest extent permitted by due process concepts."[1] *Connelly*, 55 Ill.App.3d at

---

1. *See Cook Associates*, 87 Ill.2d at 200–01, 57 Ill.Dec. at 734–35, 429 N.E.2d at 852; *Green v.*

*Advanced Ross Electronics*, 86 Ill.2d 431, 436–37,

536, 13 Ill.Dec. at 166, 370 N.E.2d at 1193; *Braband,* 51 Ill.App.3d at 300, 9 Ill.Dec. at 687, 367 N.E.2d at 121. Third, these cases are factually distinguishable from the present action. In each case the Illinois Supreme Court determined that the defendants were doing business within the state; the Court therefore did not consider the correctness of the lower court's jurisdictional finding based on tortious acts. *Connelly,* 75 Ill.2d at 406, 27 Ill.Dec. at 348–49, 389 N.E.2d at 160–61; *Braband,* 72 Ill.2d at 560, 21 Ill.Dec. at 893, 382 N.E.2d at 257. Also, each case dealt with the presence of some tangible product passing through the stream of commerce in Illinois. By contrast, this case concerns the planning of a trip to South Africa for an Illinois resident by a person living and working in Kansas. Because an intangible product such as a trip to a foreign country involves different considerations than airplanes or automobile tires, we find *Connolly* and *Braband* to be less relevant to this case than *Wiedemann* and *Stansell.* Thus, no tortious act in Illinois by Samuelson justifies the exercise of personal jurisdiction over her in this state.

Accordingly, Samuelson's motion to dismiss is granted. It is so ordered.

56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206