VETERAN SUPPLY COMPANY, Plaintiff-Appellee, v. TODD M. SWAW *et al.*, Defendants-Appellants.

First District (6th Division)  No. 1—88—3389

Opinion filed December 15, 1989.

Ronald W. Cobb, Jr., of Lusak & Cobb, of Chicago, for appellants.

George J. Tagler, of Moscato, Tagler & Kupiec, of Chicago, for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:
The defendants, Todd M. Swaw and Richard J. Swaw, were officers of a corporation, Brother's Pizza Pub, Inc., who signed corporate checks which were delivered to the plaintiff, Veteran Supply Company, in payment for goods. The checks were returned to the plaintiff because the corporate account had insufficient funds. The plaintiff sued under that part of the criminal code fixing civil liability for deceptive practices. (Ill. Rev. Stat. 1987, ch. 38, par. 17—1a.) The judge granted the plaintiff's motion for summary judgment.

The applicable statutes are as follows (Ill. Rev. Stat. 1987, ch. 38, pars. 17—1, 17—1a):

"§17—1. Deceptive practices. ***

\* \* \*

(B) General Deception
A person commits a deceptive practice when, with intent to defraud:

\* \* \*

(d) With intent to obtain control over property or to pay for

property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act or any other tax due to the State of Illinois, he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart, is prima facie evidence that the offender knows that it will not be paid by the depository, and that he has the intent to defraud."

"§17—1a. Civil Liability for Deceptive Practices. A person who issues a check or order to a payee in violation of Section 17—1(B)(d) and who fails to pay the amount of the check or order to the payee within 30 days following a written demand delivered by certified mail to the person's last known address, shall be liable to the payee or a person subrogated to the rights of the payee for, in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $500, plus attorney fees and court costs."

■ To recover under the statute, therefore, the plaintiff had to show (1) that the defendants delivered a check to obtain personal property; (2) that the defendants knew at the time that the account was insufficient to pay the check; (3) that the defendants acted with the intent to defraud; and (4) that the defendants failed to pay on demand.

■ The record establishes that the checks were presented and dishonored on two occasions which were at least seven days apart. Therefore, the plaintiff established *prima facie* evidence of intent to defraud under the terms of the statute.

Throughout the proceedings in the trial court and in the brief submitted by the defendants, who did not file a reply brief, no claim was made that the evidence failed to establish an intent to defraud. In both the trial court and the defendants' brief in this court the only argument advanced was that the corporation, and not the defendants, was the "person" who issued the check.

The day before oral argument was to be heard, we granted the defendants leave to supplement their original brief under the mistaken assumption that it was a motion for leave to cite additional authority. During oral argument we granted the plaintiff leave to file a

response to the supplemental brief. The plaintiff has filed a motion to vacate the order granting leave to file the supplemental brief, contending that the supplemental brief argues for the first time that the plaintiff failed to establish an intent to defraud. The defendants have not responded to the motion to vacate. We agree with the plaintiff's argument that, since the defendants failed to raise the issue in the trial court or in their brief in this court, the question is waived. *Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 464 N.E.2d 761.

■ We recognize that the rule we invoke is not absolute (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831), but we think its application is appropriate here. When the judge expressed the reasons for his findings, he noted that the defendants had failed to plead any facts showing they were unaware of the status of the corporate bank account or any facts which might relieve them of culpability. In our judgment, the trial judge's remarks invited a prayer for post-trial relief in which the defendants could have contended that the record failed to establish an intent to defraud. (See *Wright v. County of Winnebago* (1979), 73 Ill. App. 3d 337, 391 N.E.2d 772.) We hold, therefore, that the motion for leave to file a supplemental brief was improvidently granted, and the motion of the plaintiff to vacate the order is allowed.

The facts are not in dispute. The plaintiff sold goods to Brother's Pizza Pub, Inc. (Brother's). In payment, five checks were drawn on Brother's corporate checking account and were sent to and received by the plaintiff. Four of the checks totalling $1,728.60 were signed by the defendant Todd Swaw, a corporate officer. One check in the amount of $400 was signed by Richard Swaw, an authorized signatory of the corporation. After the checks were returned to the plaintiff stamped "NSF," the plaintiff, by its attorney, made written demands for payment within 30 days. The demands were made by certified mail on the defendants individually at their residences, not on the corporation. The amounts were never paid.

■ ■ In their answer to the plaintiff's motion for summary judgment, the defendants asserted that the amounts requested represented corporate debts of Brother's and that the defendants signed the checks in their capacities as authorized signatories on the corporate checking account. In granting summary judgment, the trial judge relied on the "well established principle that a corporate officer cannot commit a tort as agent for the corporation and escape liability by using the corporation as a shield." The judge found that the issuing of a non-sufficient funds check was a "similar type act" to which that

principle applied. As previously noted, he found that the defendants had failed to plead any facts showing they were unaware of the status of the corporate bank account or any facts which might relieve them of culpability. We agree with the judge's analysis of the issue and his ultimate answer to the question before him. Therefore, for purposes of this appeal, we must consider that, when the defendants signed the checks and issued them to the plaintiff, they knew that there were insufficient funds to cover the checks and that they had the intent to defraud.

The defendants' argument, reduced to its essentials, is that since the defendants were acting on behalf of the corporation, they were not "persons" issuing the checks, as the term "person" is used in the statute. The defendants make two arguments: neither of the defendants is the "person" who issued the check, the corporation is; and there can be no liability unless the person who issues the check does so "to obtain control over property or to pay for property for his own use." The defendants' first argument misconstrues the law applicable to tortious acts by corporate officers as the Illinois case cited by the defendants, a contract action, illustrates. (*McCracken v. Olson Cos.* (1986), 149 Ill. App. 3d 104, 500 N.E.2d 487.) The other case cited by the defendants, *Pearson v. All Borg* (N.D. Ill. 1938), 23 F. Supp. 837, has no application. That case involved the liability of shareholders of a holding company for wrongful acts of the officers.

■ This case involves a tort action, fraud, as the trial judge correctly noted. The distinction between the liability of corporate officers in contract actions and their liability in tort actions was expressed in *National Acceptance Co. v. Pintura Corp.* (1981), 94 Ill. App. 3d 703, 706, 418 N.E.2d 1114:

> "One of the purposes of a corporate entity is to immunize the corporate officer from individual liability on contracts entered into in the corporation's behalf. In contrast, although the officer is not liable for the corporation's torts simply by virtue of his office, corporate officer status does not insulate him from individual liability for the torts of the corporation in which he actively participates. (*Stansell v. International Fellowship, Inc.* (1974), 22 Ill. App. 3d 959, 318 N.E.2d 149; *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369; *Miller v. Simon* (1968), 100 Ill. App. 2d 6, 241 N.E.2d 697.) Thus a corporate officer may be liable for the negligence of the corporation (*McDonald v. Frontier Lanes, Inc.*); for fraud (*Taylor v. Currey* (1915), 192 Ill. App. 502 (abstract)); trespass to realty (*Miller v. Simon*); wilfully inducing breach of contract

(*W.P. Iverson & Co. v. Dunham Manufacturing Co.* (1958), 18 Ill. App. 2d 404, 152 N.E.2d 615); and conversion (*Landfield Finance Co. v. Regal Box Co.* (1952), 345 Ill. App. 611, 104 N.E.2d 359 (abstract))."

■■ A case in point is *Citizens Savings & Loan Association v. Fischer* (1966), 67 Ill. App. 2d 315, 214 N.E.2d 612, in which an action was brought against the corporation and four of the corporate officers. In upholding judgment against an officer, the court succinctly said that "[t]he rule is that whoever participates in a fraudulent act is guilty of fraud" (*Citizens Savings*, 67 Ill. App. 2d at 323) and that the fact that a corporation must act through its agents has no bearing on the officer's liability. *Citizens Savings*, 67 Ill. App. 2d at 325.

■■ We hold, therefore, that the defendants as tortfeasors are personally liable to the plaintiff, and their liability is not excused because it was not shown that they received property for their own use. The defendants have cited no case in support of this proposition, which was mentioned only in the conclusion of their brief. The statute imposes no such obligation. A person violates the statute if, with intent to defraud and "[w]ith intent to obtain control over property *or* to pay for property \*\*\* of another, \*\*\* he issues or delivers [an NSF] check." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 17—1.) Nowhere does the statute require that the "person" acquire the property "for his own use" as contended by the defendants.

The trial judge correctly refused to accept the argument of the defendants and properly entered summary judgment in favor of the plaintiff.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA,* JJ., concur.

---

*Justice LaPorta participated in this opinion after the resignation of Justice Quinlan, who had participated in the oral argument. Justice LaPorta has read the briefs and listened to a tape of the oral argument.