**MAURICE STERNBERG, INC., Plaintiff,**

v.

**A. Everette JAMES, Jr., Defendant.**

**No. 83 C 2914.**

United States District Court,
N.D. Illinois, E.D.

Jan. 11, 1984.

Scott Hodes, Rosemarie J. Guadnolo, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiff.

Julia A. Martin, Eugene R. Wedoff, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(2).

Plaintiff Maurice Sternberg, Inc., an Illinois corporation with its principal place of business in Chicago, Illinois, is an art gallery engaged in exhibiting, purchasing and selling works of art and in activities related thereto. Defendant A. Everette James, Jr. is a physician who resides in Tennessee and collects paintings as a hobby. Defendant is not currently, nor has he ever been, an art dealer. The case involves a transaction in which plaintiff traded a painting to defendant in return for three other paintings and $7,500.00. Plaintiff alleges that one of

the paintings exchanged by defendant is not authentic and that defendant knowingly misrepresented the painting as an original.

This action was originally filed in the Circuit Court of Cook County, Illinois, seeking contract rescission or alternatively actual and punitive damages pursuant to Ill. Rev.Stat. ch. 121½, § 270a and Ill.Rev.Stat. ch. 26, §§ 2–714 and 2–715 (1982), and for an alleged misrepresentation of material fact.[1] Defendant subsequently removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1332. Defendant has moved to dismiss the action on the grounds that exercise of personal jurisdiction over him would violate both the Illinois long-arm statute, Ill.Rev.Stat. ch. 110, § 2–209(a) (1983), and the due process clause of the United States Constitution. For the following reasons, we grant defendant's motion.

In a suit based on diversity of citizenship, a federal court has personal jurisdiction only if the forum state court would have jurisdiction. *See Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 601 (7th Cir.1979), *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980); Fed.R. Civ.P. 4(c) and 4(e). Therefore, the first step in the analysis is to determine as a statutory matter whether the Illinois long-arm statute reaches the defendant. *See Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 395–99 (N.D.Ill.1982); *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 57 Ill.Dec. 730, 733–34, 429 N.E.2d 847, 850–51 (1981); *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 661–62, 427 N.E.2d 1203, 1207–08 (1981).

Ill.Rev.Stat. ch. 110, § 2–209(a)(1) (1983)[2] provides that:

(a) Any person, whether or not a citizen or resident of this State, who in person

---

**1.** Plaintiff also alleges that defendant's conduct constitutes a violation of Ill.Rev.Stat. ch. 121½, § 312(1) (Uniform Deceptive Trade Practices Act) and is thereby an unfair and deceptive trade practice pursuant to Ill.Rev.Stat. ch. 121½, § 262. Complaint, Count II, ¶ 27. Also

alleged is a breach of an express warranty under Ill.Rev.Stat. ch. 26, § 2–313 (Illinois Commercial Code). Complaint, Count III, ¶ 40.

**2.** Formerly Ill.Rev.Stat. ch. 110, § 17(1)(a) (1979).

or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this State;

The issue is thus whether defendant's conduct falls within the language of this long-arm provision.[3]

■ From the affidavits submitted by the parties,[4] it appears that there are three components to defendant's contacts with Illinois: (1) various interstate telephone conversations and mail correspondence regarding the transaction; (2) defendant's contract with an Illinois corporation whose portion of the contract was performed in Illinois; and (3) two visits by defendant to Chicago in November 1981 and April 1982 during which he visited plaintiff gallery. These factors will be examined individually and in tandem to determine whether they are sufficient to establish jurisdiction under the Illinois long-arm statute.

■ First, interstate telephone and mail communications to an Illinois plaintiff are not sufficient to constitute the transaction of business required by the Illinois long-arm statute. *Caicos Petroleum Service Corp. v. Hunsaker*, 551 F.Supp. 152, 155 (N.D.Ill.1982); *Wessel Co., Inc. v. Yoffee and Beitman Management Corp.*, 457 F.Supp. 939, 941 (N.D.Ill.1978); *Woodfield Ford, Inc. v. Akins Ford Corp.*, 77 Ill. App.3d 343, 32 Ill.Dec. 750, 755, 395 N.E.2d 1131, 1136 (1st Dist.1979). This is true regardless of which party initiates the calls, correspondence or the transaction itself. *United States Reduction Co. v. Amalgamet, Inc.*, 545 F.Supp. 401, 403 (N.D. Ill.1982). Therefore, the communications by telephone and mail between the parties in the present case are an insufficient predicate for jurisdiction over the defendant.

■ Second, while any contract involving an Illinois party inevitably involves contact with the state, that fact alone is insufficient for jurisdictional purposes. *Woodfield Ford, supra*, 77 Ill.App.3d 343, 32 Ill.Dec. at 756, 395 N.E.2d at 1137. A distinction must be drawn "between the transaction of business in Illinois and the transaction of business with an Illinois corporation." *Wessel, supra*, at 941. The fact that the Illinois plaintiff's part of the contract was to be performed in Illinois is not transacting business for jurisdictional purposes. *Id.* The focus of the inquiry must be on the acts of the defendant to determine whether there has been a transaction of business. *Unarco Indus., Inc. v. Frederick Mfg. Co., Inc.*, 109 Ill.App.3d 189, 64 Ill.Dec. 808, 810, 440 N.E.2d 360, 362 (3d Dist.1982). In the present case, therefore, the fact that plaintiff shipped

---

**3.** The "transaction of any business" is the only basis for jurisdiction asserted in the complaint. The other provisions of the Illinois long-arm statute are not relevant in the present case as defendant does not own, use or possess any Illinois real estate, has not contracted to insure any person, property or risk located within Illinois, and does not maintain a matrimonial domicile in Illinois. Ill.Rev.Stat. ch. 110, § 2–209(a)(3), (4) and (5). While plaintiff maintains that jurisdiction can be based on defendant's commission of a tortious act, i.e., misrepresentation, in Illinois under Ill.Rev.Stat. ch. 110, § 2–209(a)(2) (Plaintiff's Response to Defendant's Motion to Dismiss, at p. 14 n. 13), none of the counts in the complaint seek recovery in tort. As the complaint does not allege damages other than economic loss, a cause of action in tort would be inappropriate. *See Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982) (mere economic losses resulting from defective products are not suited for recovery in tort, but rather should be recovered under a contract theory); *Unarco Indus., Inc. v. Frederick Mfg. Co., Inc.*, 109 Ill.App.3d 189, 64 Ill.Dec. 808, 811, 440 N.E.2d 360, 363 (3d Dist.1982). Therefore, these jurisdictional bases are not addressed by this opinion.

**4.** On a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits submitted by the parties. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971). The plaintiff has the burden of providing sufficient facts to support the exercise of jurisdiction and the concurrent advantage of having all factual disputes resolved in its favor. *Captain International Industries v. Westbury, Chicago, Inc.*, 416 F.Supp. 721, 722 (N.D.Ill. 1975).

the painting in question and performed its part of the bargain in Illinois is irrelevant for jurisdictional purposes. Defendant performed its part of the bargain in Nashville. These facts will not support long-arm jurisdiction in Illinois.

■■■■ Finally, while physical presence in Illinois is not always required to assert long-arm jurisdiction, it is one factor which may be looked at to determine whether a party has "transacted business" in Illinois. *See, e.g., United Air Lines, Inc. v. Conduction Corp.,* 69 Ill.App.3d 847, 26 Ill. Dec. 344, 348, 387 N.E.2d 1272, 1276 (1st Dist.1979). Where a party enters Illinois and initiates or solicits a transaction, the courts will find that jurisdiction exists. *Caicos Petroleum, supra,* at 154. Further, where a defendant engages in substantial pre-contract negotiations which eventuate in the execution of the contract, even in a single session, this will constitute transacting business for jurisdictional purposes. *Ronco, supra,* at 396; *United Air Lines, supra,* 69 Ill.App.3d 847, 26 Ill.Dec. at 349, 387 N.E.2d at 1277. However, mere physical presence in Illinois unrelated to the transaction in question will not satisfy the requirements even where some of the events leading up to the execution of the final contract occurred in Illinois as a result of that presence. *Ronco, supra,* at 396 n. 7. Further, a contract negotiated in Illinois which is later rejected will not provide the basis of jurisdiction of a later different contract between the same parties. *See Cook Associates, supra,* 87 Ill.2d 190, 57 Ill.Dec. at 733–34, 429 N.E.2d at 850–51; *see also Drilled Foundations, Inc. v. Strata-Dyne, Inc.,* No. 79 C 4242, slip op. at 1 (N.D.Ill. Nov. 13, 1980) (Grady, J.).

■■■■ The question presented in the present case is whether defendant's two visits to Illinois can be characterized as transacting business under these interpretations of the statute. Defendant's first visit to the gallery, made while he was attending a medical convention in Chicago, cannot be characterized as transacting business. Although plaintiff asserts in its responsive memorandum that this visit was an important component of the transaction (Plaintiff's Response to Defendant's Motion to Dismiss, at pp. 3, 9–10), there is no reference in plaintiff's representative's affidavit to the fact that defendant negotiated, much less entered into, any contract on that first visit. Mere "fascination and interest" in a number of works of art, including the one ultimately the basis of this dispute, does not constitute the solicitation of a transaction and thus is not sufficient for jurisdictional purposes.

■■■■ Defendant's second visit presents a closer question. It is unclear from the affidavits and pleadings which party actually initiated the transaction or the extent and timing of the negotiations which provide the basis for this cause of action. Therefore, we must resolve such conflicts in favor of the plaintiff in determining whether jurisdiction exists. *United States Ry. Co. v. Port Huron & Detroit R.R. Co.,* 495 F.2d 1127, 1128 (7th Cir. 1974). Defendant states, and plaintiff does not refute, that this second visit was made in conjunction with a meeting of a professional medical society. At the very least, there was a dual purpose in defendant's second visit to Chicago. Plaintiff asserts, however, that during this second visit, lasting 30–60 minutes, defendant engaged in negotiations by suggesting combinations of his paintings to be traded for plaintiff's painting. Affidavit of Judith D. Sternberg, ¶ 8 ("Affidavit"). However, plaintiff admits that "we did not settle which works would be exchanged." Affidavit, ¶ 8. Further, any contract offers that directly resulted from this second visit were admittedly rejected by plaintiff. Affidavit, ¶¶ 9 and 10. The contract that is the subject of this litigation and which specifically included the painting currently in dispute was entered into subsequent to such rejections. Therefore, we find that this second visit, even when considered together with the first visit, could not be characterized as substantial negotiation and thus does not meet the jurisdictional requirements for transacting business. Even if this second

meeting could be characterized as a negotiation, still, under *Cook Associates*, the offers and rejections interposed between that visit and the agreement ultimately entered into would defeat jurisdiction. Further, even considering all components of defendant's contacts with Illinois together, we find there is not a sufficient basis for asserting jurisdiction under the Illinois long-arm statute.

Accordingly, defendant's motion to dismiss for lack of jurisdiction is granted.[5]

**5.** If we had resolved the statutory issue of the application of the long-arm statute in plaintiff's favor, we would proceed with the second part of the jurisdictional analysis, i.e., whether an Illinois court can assert jurisdiction over defendant consistently with the due process clause of the Fourteenth Amendment. *See Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 399–400 (N.D.Ill. 1982); *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 57 Ill.Dec. 730, 733–34, 429 N.E.2d 847, 850–51 (1981); *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 661–62, 427 N.E.2d 1203, 1207–08 (1981). However, since defendant's activities in Illinois are insufficient to create jurisdiction under the long-arm statute, it follows that he has not had the minimum contacts with Illinois necessary to ensure that maintenance of an action does not offend the traditional notions of fair play and substantial justice required by the due process clause. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Adden v. Middlebrooks*, 688 F.2d 1147, 1155–56 (7th Cir.1982) (establishes two-prong test for determining whether the constitutionally necessary contacts existed between the defendant and the forum state: (1) whether the relationship between the defendant, the forum and the litigation makes it reasonable to expect the defendant to litigate in Illinois; and (2) whether the defendant has affiliated himself with Illinois by purposefully availing himself of the privilege of conducting activities in Illinois).