JACK A. YATES, Plaintiff-Appellee, v. DONALD S. MUIR, Defendant-Appellant.

Fifth District   No. 5—84—0258

Opinion filed February 14, 1985.

Gordon M. Broom and Madelyn J. Lamb, both of Burroughs, Simpson, Wilson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

Mateyka, Hill & Hill, of Edwardsville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Donald Muir, brings this interlocutory appeal from an order of the trial court denying his motion to quash service and process and dismiss for lack of personal jurisdiction. We granted leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). The two issues the trial court has identified for review are as follows:

"1. Whether or not an attorney licensed to practice in Kentucky who files or fails to file an appearance in the administrative hearing of a Federal Civil Service question in Chicago for an Illinois resident is doing business within the State of Illinois to subject said attorney to the jurisdiction of the Courts of Illinois.

2. Whether or not an attorney licensed to practice in Kentucky but representing an Illinois resident who fails to file a notice of appeal with a federal agency in an administrative hearing, pursuant to Civil Service Act, commits a tortious act within the State of Illinois."

We affirm. The facts are as follows:

Plaintiff, Jack Yates, a resident of the State of Illinois, filed a two-count complaint against Mr. Muir, alleging that defendant failed to adequately represent him in asserting a claim for disability retirement under the Federal Civil Service laws and regulations. The complaint alleged that defendant failed to file a timely appeal from an adverse decision of the Medical Director, Office of Personnel Management, Washington, D.C. The complaint further alleged that the appeal was to be filed in Chicago, and, as a result of the alleged malpractice, he was damaged in that he was deprived of valuable disability retirement rights and income he would otherwise have received. Yates alleged that it was the duty of Mr. Muir to file the ap-

peal in Chicago within 20 days of the date of the decision of the Medical Director. Count I of the complaint was premised on negligence. Count II, stated as an alternative cause of action, was premised on breach of contract. The defendant was personally served with summons in Kentucky.

In the affidavit accompanying defendant's appearance and motion, Mr. Muir stated that he is a resident of Kentucky and has never resided in Illinois. Mr. Muir also stated that he is not licensed to practice law in Illinois and does not maintain an office in Illinois. In addition, the defendant avers that he transacted no business in Illinois and states that the alleged tortious act occurred outside the State of Illinois.

After a hearing, the trial court denied the motion to quash service and process. Thereafter, on motion of defendant to reconsider its order, the court again denied defendant's motion to quash summons on the ground that defendant transacted business in the State or committed a tortious act in the State under section 2—209 of the Code of Civil Procedure.

Section 2—209 of the Code of Civil Procedure provides, in pertinent part, the following:

> "(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State; ***." Ill. Rev. Stat. 1981, ch. 110, par. 2—209.

■■ ■ The Illinois Supreme Court has stated that questions of jurisdiction involve a two-step process: (1) Is the nonresident defendant's conduct within the meaning of section 2—209; and if so, (2) would exercise of jurisdiction over the nonresident defendant be prohibited by the due process clause. (*Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 436-37, 427 N.E.2d 1203, 1206.) In *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, the court held that the long-arm statute was intended to expand personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the fourteenth amendment to the United States Constitution. The court in *Nelson* stated that among the foundations of jurisdiction included is the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or

otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 384, 143 N.E.2d 673, 676.) However, the court in later cases indicated that the long-arm statute will not necessarily be interpreted to reach the outer limits of due process. *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203.

■ The determination as to what constitutes sufficient minimum contacts depends upon the facts of each case. (See *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 9, 345 N.E.2d 149, 152.) Here, Mr. Yates is a resident of Illinois and works in Illinois. If Yates is going to suffer any hardship because of the denial of his claim, it will be in Illinois.

The alleged malpractice occurred because Mr. Muir failed to file a timely appeal in Chicago. The Chicago Regional Office is the only office that covers the claims from employment in Illinois. Thus, an appeal for Mr. Yates could not have been filed at any location other than Chicago.

The first question of law certified by the trial court refers erroneously to "doing business" rather than "transacting business." Both defendant and plaintiff agree that the court's phraseology in this regard was merely inadvertent. The "doing business" standard is used as a complement to the Illinois long-arm statute to determine the question of jurisdiction over a foreign corporation not licensed in Illinois. (*Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 199, 429 N.E.2d 847, 851.) However, the record indicates the trial court did not apply the "doing business" standard. The order in which the court denied defendant's motion to reconsider and reaffirmed its denial of defendant's motion to quash stated that defendant had submitted to the jurisdiction of the court by "transacting business" or committing a tortious act within the meaning of section 2—209 of the Civil Practice Law. Thus, the reference to "doing business" in the certified question was merely an inadvertent use of the term.

In any event, we need not decide whether defendant's conduct constituted the transaction of business in the State of Illinois within the meaning of section 2—209(a)(1) of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—209(a)(1)), because the plaintiff admits that here we are not dealing with a "transaction of business" rationale.

The main issue is whether there was an omission here that is tantamount to tortious conduct.

■ The cause of action based upon legal malpractice is, in its essence, a tort action for negligence premised upon breach of the attorney's duties to his client. (*Christison v. Jones* (1980), 83 Ill. App.

3d 334, 335-36, 405 N.E.2d 8, 9.) The duty arises out of the establishment of the attorney-client relationship by a contract for legal services. (83 Ill. App. 3d 334, 335-37, 405 N.E.2d 8, 10.) The injuries resulting from legal malpractice are not personal injuries but are pecuniary injuries to intangible property interests. 83 Ill. App. 3d 334, 335-37, 405 N.E.2d 8, 10.

In *Poindexter v. Willis* (1967), 87 Ill. App. 2d 213, 217-18, 231 N.E.2d 1, 3, the court held that the word "tortious" as used in the long-arm statute is not restricted to the technical definitions of a tort but includes any act committed in this State that involves a breach of duty to another and makes the one committing the act liable to respondent in damages. Here, Mr. Yates alleges that because Mr. Muir breached his duty to appeal Mr. Yates' disability claim in Illinois, he was injured.

Defendant contends that the focus of inquiry into the question of jurisdiction may properly be directed only to the acts of defendant. (*Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 192, 440 N.E.2d 360, 362.) He emphasizes the fact that defendant was never physically in Illinois and relies on the case of *Veeninga v. Alt* (1982), 111 Ill. App. 3d 775, 444 N.E.2d 780. However, defendant's reliance is misplaced, for the facts of *Veeninga* are quite dissimilar to the facts in the case at hand. *Veeninga* was a medical malpractice case. In *Veeninga* the medical examination, treatment, and prescription of a drug all occurred in Indiana, not in Illinois. The only connection the defendant had with Illinois was that the prescription he wrote was fortuitously filled there. In the instant case, contrary to Mr. Muir's contention, the location of the regional office in Chicago was not fortuitous. Claims from employment in Illinois, Indiana, Michigan, Minnesota, Ohio, and Wisconsin could be made only to the Chicago regional office.

The defendant further argues that pecuniary damage to plaintiff alone is an insufficient basis to confer jurisdiction over defendant. (See *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203; *Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 440 N.E.2d 360.) However, Mr. Yates is arguing that Illinois has jurisdiction over defendant not only because of the pecuniary loss suffered in Illinois but also because the defendant's omission to perform a legal duty occurred in Illinois. The omission, when coupled with the pecuniary injury, is sufficient to confer jurisdiction.

Defendant, relying on *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 438-39, 427 N.E.2d 1203, 1207, purports that

the last alleged act necessary to hold him liable was not his failure to file the appeal with the Merit Systems Protection Board in Chicago but the failure to appeal the Board's denial of the waiver of the 20-day limitation period to the United States Court of Appeals for the Federal circuit in Washington, D.C. However, Mr. Yates is not making an argument for jurisdiction based on a "last act" analysis. Here, if not for defendant's nine-month delay in petitioning the Chicago Regional Board of Merit Systems Protection Board for any relief, an appeal of the Board's denial of waiver of the 20-day limitation period would not have been necessary.

Next, relying on *Wells v. Braxton* (1967), 82 Ill. 2d 354, 227 N.E.2d 137, defendant contends that because plaintiff failed to file counteraffidavits to contradict the facts stated in defendant's motion to quash and his supporting affidavit, the facts stated in the defendant's affidavit must be taken as true. However, the court in *Wells* did not look only for counteraffidavits but searched the entire record for any evidence to the contrary, and because of the absence of contrary evidence, jurisdiction was not found. The court in *Wells*, relying heavily on the trial court's findings, stated: "We have no records of the proceedings before us and in the absence of such, must assume that the evidence supports the factual findings of the trial court." Unlike *Wells*, in the case at hand the trial court ruled that it had jurisdiction over Mr. Muir. The trial court heard oral arguments concerning jurisdiction twice, once during the hearing on the defendant's motion to quash service and again at the hearing on the defendant's motion to reconsider.

Finally, the defendant alleges that the assertion of jurisdiction over the defendant would violate the due process clause of the fourteenth amendment. In order for a State court to exert jurisdiction over a nonresident defendant consistent with the Constitution, there must exist sufficient minimum contacts between the defendant and the forum State such that maintenance of the suit does not offend traditional notions of fair and substantial justice. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158; *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343.) In *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1239, the United States Supreme Court stated: "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which

the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Here defendant's failure to file a timely appeal in Illinois is sufficient contact to confer jurisdiction.

The concept of "minimum contacts" serves two functions: (1) to protect the defendant from the burden of litigating in a distant or inconvenient forum and (2) to restrain the exercise of the power of the States. (*Ballard v. Rawlins* (1981), 101 Ill. App. 3d 601, 605, 428 N.E.2d 532, 535-36.) It is well settled that the determination as to what constitutes such minimum contacts cannot be made by a rule of thumb but rather by what is fair and reasonable in the particular situation. (*Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6, 345 N.E.2d 149.) We think it is not unreasonable to expect Mr. Muir to litigate in Illinois in light of the fact that Illinois is the only forum in which he could have filed an appeal for Mr. Yates. Illinois is where Mr. Yates lives and works. Illinois is where the pecuniary damage will be suffered.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.