THE CITY OF EAST MOLINE, Plaintiff, v. BRACKE, HAYES and MILLER *et al.*, Defendants (Bracke, Hayes and Miller *et al.*, Defendants and Third-Party Plaintiffs-Appellants, v. Milton Costello *et al.*, Third-Party Defendants; G. L. Raffaelli, Third-Party Defendant-Appellee).

Third District   No. 3—84—0117

Opinion filed May 10, 1985.

Peter C. Fieweger and Donovan S. Robertson, both of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellants.

Bradley W. Dunham, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

After the city of East Moline brought suit against Bracke, Hayes & Miller, architects of a municipal swimming pool, to recover damages arising out of alleged defects in the heating, air conditioning and ventilating system, the architects filed a third-party complaint against Milton Costello and G. L. Raffaelli, engineers for part of the project, seeking *pro rata* contribution from them. Raffaelli appeared specially and by motion sought to dismiss the complaint against him on the ground that as a nonresident, he was not subject to the jurisdiction of the Illinois courts. The trial court granted Raffaelli's motion to dismiss, and Bracke, Hayes & Miller have appealed. (Costello did not contest Illinois' jurisdiction.)

The third-party complaint filed by Bracke, Hayes & Miller alleged that Costello and Raffaelli designed and prepared specifications for the heating, ventilating and air conditioning system to be incorporated into the pool, and also recommended use of a McQuay-Perfex unit. These allegations were denied in affidavits filed by Raffaelli in support of his motion to dismiss. Affidavits from architects G. H. Miller and Frank Hayes were also filed, accompanied by some of the correspondence relating to the project. The affidavits indicate that Bracke contracted with Costello of New York to design and supervise construction of the interior of the pool building, including the heating, ventilating and air

conditioning systems. Costello in turn hired Raffaelli, a New Jersey engineer, as a consultant for preliminary advice on the heating, ventilating and air conditioning part of the project. Raffaelli recommended a Governaire unit to handle the heating, ventilating and air conditioning needs of the building, and such a unit was included in the original plans for the project. Raffaelli's consultation work, for which he was compensated on an hourly basis, extended from May 15 to July 15, 1977. Raffaelli did not prepare any design drawings or any other final drawings or plans for the pool building, and he was not asked to assume professional responsibility for any of the plans that were prepared.

It is clear from the affidavits, however, that Raffaelli was consulted by both Costello and the architects after his formal employment was concluded. He was sent information concerning a unit manufactured by McQuay-Perfex and asked by the Bracke firm whether such a unit could be substituted for the more expensive Governaire unit. According to Miller, Raffaelli approved substitution of the McQuay-Perfex unit by telephone on October 4, 1977. However, Raffaelli's affidavit states that he was called by Miller on October 4, 1977, that the call was a three-way conference call including the manufacturer of the McQuay-Perfex unit, and that Raffaelli stated that the McQuay-Perfex unit could be substituted only if it met all the specifications of the Governaire unit. In November of 1980, at least two years after the McQuay-Perfex unit was installed and operating, Costello asked Raffaelli to review a letter from the contractor who had installed the unit describing the problems being encountered with the operation. Raffaelli prepared some written suggestions as to how the difficulties could be handled. In December of 1980, Raffaelli actually visited the East Moline pool building and surveyed the problems with the heating, ventilating and air conditioning system. However, he stated in a counteraffidavit that he was in Illinois on his way to visit a project in Sterling at the time and merely accompanied Costello to the East Moline pool building "as a personal favor" to Costello and not as a part of any employment arrangement. Further, he averred that he performed no work and made no reports or recommendations as a result of his walk around the pool building.

The architects assert that personal jurisdiction of Raffaelli is predicated upon section 2—209 of the Illinois long-arm statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—209), which provides, in pertinent part, as follows:

> "Act submitting to jurisdiction—Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and if an individual, his or

her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State; ***."

■ The architects first contend that Raffaelli transacted business within Illinois when he accepted employment to engage in the design of the heating, ventilating and air conditioning system for use in the East Moline pool building. The architects argue that Raffaelli purposely availed himself of an Illinois market for his services through the performance of architectural services on a building project to be built in the State of Illinois, and that his compensation was ultimately derived from money "generated in Illinois," at least part of which consisted of tax revenues. The architects rely upon *Aetna Casualty & Surety Co. v. Looney* (1981), 98 Ill. App. 3d 1057, 424 N.E.2d 1347, where it was held that signing an indemnity contract in Oklahoma to secure performance of a contract to construct a pipeline in Illinois amounted to the transaction of business within Illinois. *Aetna Casualty* is one of a number of cases cited by the architects which was decided at a time when *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, held sway in Illinois. *Nelson* held that the intent of the long-arm statute was to assert *in personam* jurisdiction over nonresident defendants to the extent permissible under constitutional due process requirements. However, the rule established by *Nelson v. Miller* is no longer the law of Illinois.

In *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203, the court said:

"A statute worded in the way ours is should have a fixed meaning without regard to changing concepts of due process, except, of course, that an interpretation which renders the statute unconstitutional should be avoided, if possible. Thus, instead of turning to the array of tests which have been articulated to assist in determining whether long-arm statutes as applied exceed permissible constitutional boundaries, we prefer to resolve this appeal by looking to the meaning of our own statute. We determine first whether it should be construed in a way which embraces defendants' claim against Green, Sr. If the answer is in the negative, as we conclude it is, applying the tests the Supreme Court has fashioned *** to determine whether the assertion of jurisdiction by a State over a nonresident is prohibited by due process safeguards is unnecessary ***." (86 Ill. 2d 431, 436-47, 427 N.E.2d 1203, 1207.)

See also *Cook Associates, Inc. v. Lexington United Corp.* (1981), 87 Ill. 2d 190, 429 N.E.2d 847; *Illinois Bell Telephone Co. v. Allphin* (1982), 93 Ill. 2d 241, 443 N.E.2d 580.

In *Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 440 N.E.2d 360, similar contentions were made in an effort to establish personal jurisdiction over the Missouri manufacturer of clevises which were purchased by an Illinois company for incorporation into radio towers manufactured in Illinois. The defendant did not solicit business in Illinois; rather the purchase transaction was initiated by the Illinois company, and the contract was performed in Missouri. We held that only the acts of the defendant can be considered in determining whether business was transacted in Illinois. Therefore, telephone calls and correspondence sent from Illinois to an out-of-State person cannot alone suffice to bring a transaction within the jurisdiction of Illinois courts.

According to the facts in the case at bar, Raffaelli's only contact with the construction project was as a consultant from New Jersey employed by Costello in New York to provide information and advice to the project engineer. All that work was performed outside of Illinois, and Raffaelli did not prepare any plans or drawings for use in Illinois. In fact, his only contacts with the Illinois architect occurred after his employment by Costello was completed, and those contacts were initiated by Bracke, Hayes & Miller, not by Raffaelli. Also, the affidavits do not establish that Raffaelli recommended the McQuay-Perfex unit or that he approved its use; at most, he stated that such a unit would be suitable if it met all the specifications and had the capabilities of the Governaire unit. He did not make the determination that the specifications were in fact the same.

In a well-reasoned opinion, the trial judge in this case stated:

"[T]he only fact advanced by [Bracke, Hayes & Miller] in support of jurisdiction which I feel is at all persuasive is the fact that Raffaelli participated in the design of the pool, received compensation for so doing, and at the time knew the pool was to be constructed in Illinois. Over and against this fact are the facts that he was a non-resident, never went to Illinois (in the course of completing the contract), the only contract to which he was a party was not with an Illinois resident but was with Costello, an Illinois non-resident. The phone call referred to was initiated from Illinois to him by Costello—he did not make the call. Under my analysis of the affidavits, Raffaelli was at most a sub-consultant retained by a non-resident. His connection with Illinois was too tenuous to warrant subjecting him to Illinois jurisdiction un-

der the long-arm statute.''

We agree. It has previously been held that a defendant must voluntarily seek the benefits and protections of the laws of this State in order to become subject to the jurisdiction of our courts, that an exchange of phone calls and correspondence are not enough to support jurisdiction, that phone calls initiated by a plaintiff are not sufficient to bring the nonresident defendant into Illinois jurisdiction, and that contracts with an Illinois plaintiff performed by a nonresident entirely from outside Illinois does not constitute sufficient contact to give jurisdiction to Illinois. (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131.) It seems clear from the record that Raffaelli did not solicit work in Illinois, did not perform any work within the State, and did not have any of his professional work product (designs or drawings) present in Illinois. He was hired by and worked for Costello outside Illinois. The fact that he visited the site after his employment had ended—some two years after construction of the building was completed—certainly did not bring Raffaelli within the ''transaction of business'' provision of the long-arm statute.

▌ The architects also argue that Raffaelli committed a tortious act in Illinois within the meaning of the long-arm statute. The complaint alleged professional negligence resulting in the failure of the heating, ventilating and air conditioning system in Illinois. In other words, the injury occurred in Illinois. However, the affidavits clearly establish that Raffaelli did not select or design or approve the unit that was installed in the pool building and that he cannot be charged with negligence under the circumstances. In any event, the remedy for such economic loss due to deterioration, internal breakdown or other qualitative defects must be grounded in contract rather than tort. *Moorman Manufacturing Co. v. National Tank Co.* (1982) 91 Ill. 2d 69, 435 N.E.2d 443; *Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 440 N.E.2d 360.

We conclude that Raffaelli has neither transacted any business within Illinois nor committed a tortious act within Illinois and therefore has not submitted himself to the jurisdiction of the courts of this State for a cause of action arising out of the construction of the East Moline swimming pool building. The circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.