AMERICAN FUNERAL COMPUTER SERVICE, INC., Plaintiff-Appellee,
v. J. B. FLOYD, Defendant-Appellant.

Fourth District   No. 4—87—0546

Opinion filed January 28, 1988.

Paul E. Adami, of Mohan, Alewelt & Prillaman, of Springfield, for appellant.

Diana N. Cherry, of Metnick & Barewin, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On April 21, 1987, plaintiff American Funeral Computer Service, Inc., filed a complaint in the circuit court of Sangamon County against defendant J. B. Floyd. The complaint alleged defendant had defaulted in making payment on a contract with plaintiff whereby plaintiff had furnished defendant a computer, computer software, and related goods and services. Defendant moved, on special and limited appearance pursuant to section 2—301 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—301), objecting to the jurisdiction of the court over his person and requesting that the complaint be dismissed. He maintained he had not submitted himself to the jurisdiction of the Illinois courts. After a hearing on the motion, the court found defendant had committed acts submitting himself to the jurisdiction of the court. The motion to dismiss was denied.

This court granted defendant's petition for leave to appeal which was filed pursuant to Supreme Court Rule 306(a)(1)(iii) (107 Ill. 2d R. 306(a)(1)(iii)). On appeal, defendant states two reasons why he was not subject to the personal jurisdiction of an Illinois court. Plaintiff contends personal jurisdiction was obtained over defendant by virtue of section 2—209(a)(1) of the Code, which states:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State." (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(1).)

Defendant denies that his participation in the transaction giving rise

to this suit constituted his doing "any business within this State" within the meaning of section 2—209(a)(1). In addition, defendant contends neither his participation in that transaction nor any other act on his part created a sufficient contact within this State to permit courts of this State to exercise personal jurisdiction over him consistent with the due process requirements set forth in the seminal case of *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.

■■ Because of the limited record before us, we must base our decision of the propriety of the denial of the motion to dismiss upon (1) the complaint, (2) a bystander's bill certified by the judge hearing the motion, and (3) the affidavit of defendant. The following chain of events is undisputed. Beginning in 1984, plaintiff, working in its office in Springfield, performed bookkeeping services for defendant's funeral home operation located in Tennessee. Upon performing the bookkeeping, plaintiff transmitted the records to defendant in Tennessee. In July of 1985, representatives of plaintiff went to Tennessee and demonstrated a computer and its software. The parties then entered into a contract in Tennessee whereby defendant agreed to buy a computer together with software from plaintiff. When ready, the equipment was sent from plaintiff's place of business to defendant's business in Tennessee. Defendant sent two payments from his place of business in Tennessee to plaintiff's business in Springfield. In June of 1986, after defendant had expressed dissatisfaction with the equipment, defendant visited plaintiff's place of business in Springfield.

Only one significant factual matter is in dispute between the parties. Plaintiff's president testified (1) plaintiff does not send employees either in or out of Illinois to solicit business; (2) in July of 1985, defendant contacted plaintiff and asked that a representative be sent to defendant's place of business in Tennessee to assist defendant "involving the incorporation of its business"; and (3) while that representative was at defendant's place of business, defendant asked that representative to send another representative to demonstrate a computer and software which could be used by defendant. On the other hand, according to defendant's affidavit, plaintiff initiated conversation concerning the furnishing of the computer and then sent a representative to Tennessee to demonstrate the computer. The circuit court chose to believe plaintiff's version, that defendant initiated inquiry about the computer and requested that a representative be sent from Springfield to Tennessee to demonstrate a computer. Based upon the scanty record before us, we cannot say that the court's interpretation of the evidence is contrary to the manifest weight of the evidence.

Accordingly, we must give due deference to that determination.

█ Most of the opinion is devoted to determining whether defendant's conduct brought him within the coverage of section 2—209(a)(1) of the Code. Conduct bringing a person within the requirements of that section and conduct creating sufficient contacts to meet due process requirements are not exactly the same, but section 2—209(a)(1) requirements are generally more strict than those necessary to meet due process standards. See *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 436, 427 N.E.2d 1203, 1206.

█ The acts placing a defendant under section 2—209(a)(1) must be the acts of that defendant or one acting on his behalf (*Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 440 N.E.2d 360), and those acts must be part of the transaction giving rise to the litigation. (*Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 498 N.E.2d 718.) Accordingly, based on the foregoing evidence, we must determine whether personal jurisdiction over defendant arose from: (1) defendant's request for an agent of plaintiff to come to Tennessee to discuss the incorporation of his business; (2) defendant's request to that representative for another representative of plaintiff to come to demonstrate a computer and computer software; (3) defendant's entering into a contract with plaintiff in Tennessee for a computer to be shipped from Illinois; (4) defendant's agreement that payments would be made in Illinois and his making of those payments by sending them to Illinois; and (5) defendant's trip to Illinois to witness a demonstration of the workings of the type of software furnished him.

Clearly, the mere fact defendant entered into a contract in Tennessee for the sale and shipment of a computer to him from Illinois, with payment to be made in Illinois, was insufficient to constitute the transaction of business in Illinois within the meaning of section 2—209(a)(1) of the Code. (*Artoe v. Mann* (1976), 36 Ill. App. 3d 204, 343 N.E.2d 647.) Thus, any such jurisdiction must arise from defendant's additional contacts within Illinois, consisting of (1) defendant's request for a representative to come from Illinois to Tennessee to discuss the computer purchase, and (2) defendant's trip to Illinois to observe the operation of the software.

In support of its position, plaintiff relies mostly upon *Empress International, Ltd. v. Riverside Seafoods, Inc.* (1983), 112 Ill. App. 3d 149, 445 N.E.2d 371, *First Professional Leasing Co. v. Rappold* (1974), 23 Ill. App. 3d 420, 319 N.E.2d 324, *Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78, and *Cook Associates, Inc. v. Colonial Broach & Machine Co.* (1973), 14 Ill. App. 3d

965, 304 N.E.2d 27. *Empress,* *First Professional Leasing,* and *Colony Press* all involve cases where a defendant, held to have submitted to the jurisdiction of the forum State, had entered into a sales contract with plaintiff under circumstances whereby the final act in reaching the contract occurred in the forum State. However, the *Empress* court deemed the fact that the defendant in the nonforum State had communicated to the plaintiff in the forum State a desire to do business was a significant factor.

In *Colonial Broach,* a person seeking employment interviewed at a Chicago employment agency, and the agency then entered that person's qualifications in a flyer sent to prospective employers. Subsequently, a prospective employer in a foreign State telephoned the employment agency asking about the person whose qualifications were listed. Agreement was reached with the prospective employer that a fee would be paid if the person was hired. Subsequently, the employee was hired, and the agency sued in Illinois for the fee. Even though the defendant's telephone call was its only contact with Illinois, and the court decided the contract for the prospective employer to pay the fee was entered into upon the defendant's acceptance of the agreement to pay the fee if the prospective employee was hired, the court held the phone call to have been sufficient to constitute the doing of business in Illinois by defendant.

In *Texas Axles, Inc. v. Baillie* (1986), 140 Ill. App. 3d 760, 489 N.E.2d 16, this court was faced with the problem of determining whether a Texas default judgment required full faith and credit in Illinois. The Illinois-domiciled defendant had been served pursuant to a statute similar to section 2—209(a)(1) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(1)). The case was brought to recover the contract price for goods sold by the plaintiff, a Texas manufacturer, to the defendant, an Illinois manufacturer. The circumstances were as follows: (1) the seller contacted the purchaser in Illinois; (2) the purchaser requested by mail a credit application, and the seller mailed one to plaintiff; (3) the purchaser mailed an order from Illinois, and the seller mailed confirmation from Texas; (4) various purchases were made in this manner, and deliveries were made either by seller's trucks or by common carriers; and (5) on one occasion an agent of the purchaser went to Texas and inspected the seller's plant there.

In *Texas Axles, Inc.,* the parties agreed the Texas statute sought to obtain for Texas courts all jurisdiction which due process principles permitted. The sole question before us was whether the defendant Illinois manufacturer had sufficient significant contacts with Texas to submit itself to the jurisdiction of the court rendering the judgment.

(*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.) We held that such contacts were shown to exist.

The situation in *Texas Axles, Inc.*, is similar to that here in many ways, but several substantial differences exist. One is favorable to the defendant, and two are more favorable to the plaintiff. Here, the contract was definitely entered into in the nonforum State, Tennessee. There, the contract was apparently accepted in the forum State, Texas. However, there, the initial contact was made by the plaintiff, while here, it was made by the defendant in requesting a representative of the plaintiff to come from the forum. Also, there, the defendant's agent went to the forum to inspect the seller's plant. Here, the defendant went to the forum to obtain advice from the seller which the seller was apparently required to give under the terms of the contract.

Defendant relies on four cases in which the appellate court held a nonresident defendant was not subject to jurisdiction of Illinois courts. In *Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 498 N.E.2d 718, *Unarco Industries, Inc. v. Frederick Manufacturing Co.* (1982), 109 Ill. App. 3d 189, 440 N.E.2d 360, and *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131, plaintiffs, doing business in Illinois, brought actions in Illinois against nonresident defendants for breach of contract in regard to sales made by the plaintiffs. Unlike here, in all cases the plaintiff had initiated the contacts and sent the property sold to defendants, who received it in their States. Unlike here, none of the defendants were shown to have entered Illinois for any purpose connected with the transactions.

In *Chicago Film Enterprises v. Jablanow* (1977), 55 Ill. App. 3d 739, 371 N.E.2d 161, the plaintiff's agent had telephoned the defendant in Missouri asking him if he would screen a certain film for plaintiff, and defendant agreed to do so. The film was shipped to defendant. A dispute subsequently arose between the parties, and plaintiff brought suit in Illinois. The defendant was not shown to have entered Illinois for any purpose in connection with the agreement of the parties.

In *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 348, 395 N.E.2d 1131, 1135, the court deemed the essential question in regard to coverage under section 2—209(a)(1) of the Code to be whether the nonforum defendant voluntarily sought the benefits and protections of the laws of the forum. Here, the defendant initiated the proposal for the sale of the computer and the furnishing of related services, knew the computer was to be sent from Illinois and paid for there, and went to the State of Illinois to receive

information as to the operation of the computer. Considering all of those circumstances, we agree with the circuit court that the defendant was shown to have voluntarily sought the protection of Illinois laws. We also determine that the foregoing factors create sufficient minimum contacts with the State of Illinois that permitting suit against defendant here does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.

For the reasons stated, we affirm.

Affirmed.

LUND and SPITZ, JJ., concur.