No. 87-74

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

ROBERT S. and BETTY J. TURNER,

Plaintiffs and Appellants.

-vs-

ARTHUR P. TRANAKOS, and other
John Doe,

Defendants and Respondents.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Liberty,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Flaherty, Lord & Winner; Patrick Flaherty, Great Falls,
Montana

For Respondent:

Arthur P. Tranakos, pro se, Atlanta, Georgia

Submitted on Briefs: Aug. 19, 1987

Decided: November 3, 1987

Filed: NOV 3 - 1987

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Robert and Betty Turner appeal a judgment of dismissal made by the District Court of the Twelfth Judicial District. The District Court found that it lacked in personam jurisdiction over the defendant, Arthur Tranakos. We reverse the decision of the District Court and remand for further proceedings.

On December 8, 1986, Robert and Betty Turner instituted this action against Arthur Tranakos in Liberty County alleging legal malpractice, bad faith, breach of fiduciary duty and fraud. The Turners made the following allegations in their complaint:

> 1.0 Robert and Betty Turner are farmers who live near Chester, Montana in Liberty County, State of Montana and are second and third generation farmers from Montana.
>
> 1.1 Arthur P. Tranakos is an attorney at law admitted to practice in the Courts of Georgia, and who has actively solicited business in the State of Montana. Tranakos has traveled into the State of Montana to solicit business and he has also appeared as an attorney at law before various Montana Courts although he is not an admitted attorney in Montana.
>
> 2.0 Arthur Tranakos came to Montana on his own and also under the sponsorship of various life insurance companies in order to solicit business for tax sheltered investments and through estate planning.
>
> 2.1 It was in this capacity that he met the Plaintiffs and represented that he was well qualified to assist the Turners in planning their estate and managing their financial affairs. The Defendant Arthur P. Tranakos specifically

2

represented that the highest confidence in trust could be reposed in him and that he would take care of the Plaintiff's every financial need.

2.2 Acting in direct reliance upon the representations and advice of Arthur P. Tranakos, the Plaintiffs did put all of their trust and faith in him as an attorney, as an investment counselor, and acting on his advice they transferred their entire interest in their family farm (which was worth in excess of $500,000) to a corporation known as SOLACO, INC., a Nevada Corporation, which was owned entirely by Arthur P. Tranakos as the sole shareholder of record.

2.3 Thereafter, the crisis hit the farm economy through low prices and drought and the major creditor of the Turners commenced a foreclosure action in Liberty County District Court, Cause No. 3010 in which the Federal Land Bank of Spokane sought to foreclose its security interest in the family farm which was operated by the Turners.

2.4 Arthur P. Tranakos, although not admitted to practice in Montana, entered an appearance as attorney of record for the Turners in that matter and proceeded to [mis]represent the Turners. Arthur P. Tranakos had a duty to obtain local counsel to assist in the representation of the Plaintiffs which duty is breached. Arthur P. Tranakos had an additional duty to render a competent and vigorous defense including pleading of affirmative defenses, filing compulsory counterclaims and to appear at all court hearings.

2.5 Tranakos violated all of the foregoing duties by not associating local counsel, by not being sponsored in by local counsel, by failing to raise the proper affirmative defenses, file compulsory counterclaims and finally by not appearing at a summary judgment

3

> hearing in which the Federal Land Bank
> won its motion to foreclose by the
> default of Arthur P. Tranakos and the
> Turners are in immediate danger of losing
> the family farm.
>
> . . . [Addition theirs.]

A summons was issued on December 9, 1986, and Tranakos was personally served in Atlanta, Georgia on December 16, 1986. On January 8, 1987, the Turners moved for entry of default judgment based on Tranakos' failure to file a response to the complaint within twenty days. The Liberty County Clerk of Court entered default judgment against Tranakos on January 12, 1987.

At the Turners' request, the District Court scheduled a hearing for January 26, 1987, to determine damages due under the default judgment. On January 20, 1987, Tranakos filed an answer to the Turners' complaint wherein he alleged, among other things, that the District Court lacked personal jurisdiction over him. Tranakos' answer goes on to admit that he "did appear on behalf of [the Turners] in their case adverse the Federal Land Bank of Spokane, Case No. 3010, in this Court."

The District Court refused to entertain any discussion of damages at the January 26, 1987, hearing. Instead, the District Court dismissed the case on the grounds that it lacked personal jurisdiction over Tranakos. The District Court also took judicial notice of Liberty County District Court Cause No. 3010, entitled "The Federal Land Bank of Spokane v. Robert S. and Betty J. Turner et al. " The Turners appeal the District Court's dismissal of this action and raise the following issues:

(1) Did the District Court err in dismissing Turners' action for lack of personal jurisdiction when Turners'

4

complaint alleged that Tranakos acted and failed to act within Montana in a manner constituting professional malpractice?

(2) Did the District Court err in dismissing Turners' action for lack of personal jurisdiction after that court took judicial notice of Tranakos' appearance in the Federal Land Bank's action to foreclose its mortgage on the Turners' Montana property?

(3) Did the District Court err in dismissing Turners' action for lack of personal jurisdiction when Turners' verified complaint alleged that Tranakos conducted business within the state?

Respondent Tranakos raises the following additional issue:

(4) Is the record before this Court complete and adequate for this Court's review of the District Court's decision?

This Court must first address Tranakos' procedural issue before addressing the merits of this appeal. Tranakos asserts that under Rule 9, M.R.App.P., the Turners have not properly perfected this appeal and, therefore, the appeal must be dismissed. Tranakos' argument in this regard is that the record on appeal must include the records of the Federal Land Bank foreclosure action, Liberty County District Court Cause No. 3010. However, the District Court took judicial notice of the above-referenced action and this Court may do the same.

Tranakos' appellate procedure argument is without merit. Rule 202(c), M.R.Evid., provides the following:

> A court may take judicial notice of the
> law listed in parts 2-10 of Rule 202(b)
> or other law, whether requested or not.
> The court may inform itself of any law in
> such a manner as it may deem proper and

5

> the court may call upon counsel to aid it
> in obtaining such information.

Rule 202(b)(6), M.R.Evid., allows judicial notice to be taken of the "[r]ecords of any court of this state or of any court of record of the United States or any court of record of any state in the United States . . . " Accordingly, this Court takes judicial notice of Liberty County District Court Cause No. 3010, and all matters of record therein. This Court has reviewed the record of Cause No. 3010, and finds that Tranakos did appear as the Turners' attorney of record on at least two occasions by filing an answer to the complaint and by filing answers to interrogatories and requests for admissions.

In an appeal of a motion to dismiss such as this, we must take all well-pleaded allegations in the complaint as being admitted and construe the complaint in a light most favorable to the Turners. Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 1182, 38 St.Rep. 1606, 1608. Tranakos does not refute the facts alleged in the Turners' complaint and, in his answer, he admits making appearances on the Turners' behalf. Tranakos' defenses are that the District Court lacks jurisdiction and the complaint fails to state a viable claim for relief.

The Turners contend that Rule 4B(1)(a), (b) and (e), M.R.Civ.P., apply to Tranakos' actions to subject him to the jurisdiction of Montana courts. Rule 4B, in pertinent part, provides as follows:

> (1) Subject to jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or

6

through an agent, of any of the following acts:

(a) the transaction of business within this state;

(b) the commission of any act which results in accrual within this state of a tort action;

. . .

(e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person . . .

Tranakos is not "within the state of Montana" for general jurisdictional purposes, but the Turners have alleged a tort action which confers jurisdiction under subsection (b) of the above statute. A claim for legal malpractice falls within the definition of a "tort action" as set forth in subsection (b) above. Yates v. Muir (Ill. 1985), 474 N.E.2d 934, 937. Accordingly, we find the Turners' first issue with regard to jurisdiction based on legal malpractice to be dispositive of this appeal.

This Court applies a three part test for determining if a Montana court may exercise long-arm jurisdiction over a defendant whose activities are neither "substantial" nor sufficiently "continuous and systematic" to invoke general jurisdiction. Simmons v. State of Montana (Mont. 1983), 670 P.2d 1372, 1376, 40 St.Rep. 1650, 1652. These tests, as articulated in Simmons, are as follows:

1. The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its laws.

7

2. The claim must be one which arises out of or results from the defendant's forum-related activities.

3. Exercise of jurisdiction must be reasonable.

Simmons, 670 P.2d at 1378, 40 St.Rep. at 1656 (citing Data Disk, Inc. v. Systems Tech Assoc., Inc. (9th Cir. 1977), 557 F.2d 1280, 1287.) Applying the above-mentioned tests, we first find that Tranakos "purposefully availed himself of the privilege of" practicing law in the state of Montana by representing the Turners in Liberty County District Court Cause No. 3010. We further find that it is exactly those acts of representing the Turners that are the basis of the Turners' claims for relief in this matter. Taking the Turners' allegations as true, as we must in a motion to dismiss, sufficient grounds have been pled for a legal malpractice action resulting from Tranakos' representation of the Turners in Cause No. 3010.

Finally, our review of the record leads us to a determination that the exercise of jurisdiction over Tranakos is reasonable under the circumstances. Foremost in this determination is Montana's interest in regulating the practice of law within the state. It is imperative in this case that an attorney, whether or not licensed to practice law in Montana, not be allowed to escape the consequences of in-state representation by residing in some other state. We also note that only Tranakos is situated outside of Montana. The Turners, their farm and Liberty County District Court Cause No. 3010 all are situated in Montana. The burden and inequities of requiring the Turners to prosecute this action in Georgia would be greater than the burden of requiring Tranakos to defend himself in Montana.

8

We find that Arthur P. Tranakos is personally subject to the jurisdiction of the Montana courts for his alleged legal malpractice and all reasonably related actions thereto. Because of this finding we need not address the Turners' remaining two issues. The decision of the District Court is reversed and the cause is remanded for further proceedings.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9